Thing



420 Throckmorton Street
Suite 200
Fort Worth, Texas 76102
Phone: 817-727-7187
Fax: 866-941-5321
amber@floriolawfirm.com

December 16, 2016

**VIA E-MAIL**
PADFIELD & STOUT, LLP
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
Attention:
Alan B. Padfield – abp@livepad.com
Christopher V. Arisco – carisco@livepad.com

Re:  Response to NextGear and Westlake Flooring Company's Demand for Inventory and Accounting and Release of Proceeds of Bullmoose Motor Sports, LLC's Motor Vehicle Recovered Vehicles; *In Re: Bullmoose Motor Sports, LLC* Cause No 16-33714; USBC, Northern District of Texas, Dallas Division.

Dear Gentlemen:

This letter is in response to your letter dated December 12, 2016, as well as your email correspondence dated December 15, 2016, whereby demands were made by NextGear and Westlake Flooring Company, hereinafter referred to as "Clients," for a full accounting and to turn over all escrowed proceeds to your Clients.

Dealer Credit Express ("DCE") will not turn over the requested proceeds to your Clients without a Court order compelling it to do so.  First, DCE took possession of its secured collateral (the vehicles subject to DCE's security interest and floor plan) before the Debtor filed bankruptcy.  On September 21, 2016, Debtor's voluntarily surrendered to DCE, and DCE repossessed, the vehicles listed in Exhibit D to DCE's Motion for Relief of Stay [(Docket #19, and  #26 respectively)]. Thus, DCE was in possession of its secured collateral prior to the Debtor's Bankruptcy, which was filed on September 22, 2016. DCE had no vehicles remaining on the Debtor's lot at the time Debtor filed Bankruptcy. In fact, Debtor's Schedules and Statement of Financial Affairs list DCE as an unsecured creditor, stating that Debtor had none of DCE's vehicles in inventory.

Second, your Clients are not entitled to the proceeds from the sale of DCE's vehicles, because they waived any purported security interest they may have had in the vehicles. On September 21, 2016, your Clients were present when DCE came to pick up its

1 | P a g e

EXHIBIT B

vehicles.   Your Client's representative went around the Debtor's lot with the DCE representative and assisted DCE in locating DCE's vehicles on the Debtor's lot.   Your Clients did not take any steps to stop DCE's repossession of its vehicles. To the contrary, your Clients actively helped to ensure that all parties obtained possession of their respective vehicles.   With actual knowledge of the material facts surrounding the collection of vehicles by all parties, your Clients failed to assert their alleged rights in the vehicles at issue and acknowledged DCE's right to the vehicles.[1] Your Clients therefore waived any claim they may have had to any of DCE's vehicles.[2]

Third, your Clients' demand contravenes the Court's Order instructing DCE to hold funds in escrow.  On October 21, 2016, the Court granted DCE's Motion for Relief of Stay and ordered DCE to sell any and all vehicles and hold the resulting funds in escrow. On the day of the hearing, on behalf of your Clients, you urged the Court to order DCE to turn over any proceeds from such sale to your Clients. The Court denied your request.[Docket #36]. In keeping with the Court's Order, DCE is holding proceeds of the sale of its collateral in escrow and will continue to do so until it receives further instructions from the Court.

Fourth, your Clients have repossessed and sold their own collateral and have not provided any documentation showing a deficiency balance with respect to their claims.   On September 29, 2016, and December 9, 2016, the Court granted Expedited Motions for Relief of Stay on behalf of your Clients, (NextGear listed ten vehicles, to satisfy a secured claim of $271,228.68, and Westlake listed forty two vehicles to satisfy a secured claim of $903,370.82). Your Clients have not provided DCE any documentation showing that your Clients have a deficiency balance subsequent to the repossession of these vehicles.

Lastly, your Clients' demand for the proceeds in escrow is premature.   Debtor's Bankruptcy case is pending, and it is unknown if all claims to the Bankruptcy Estate have been made.  The priority of creditors' claims therefore cannot be accurately established at this time.  This is evidenced by Dallas County's Objection to your Clients' recent Motion for Relief of Stay [Docket #48], and your subsequent partial settlement [Docket #49 and #50 entered December 9, 2016].

---

[1] "In general, waiver occurs when one in possession of any right, whether arising out of law or contract, with full knowledge of the material facts, performs an act which is inconsistent with the right or his intention to rely upon the right." *Harris, Upham & Co. v. Ballantyne, 538 S.W. 2d 153, 157* (Tex. Civ. App. –Dallas, 1976, no writ).

[2] "Where one party has a secured claim in property, Texas courts have historically concluded that consent to the disposition of collateral results in waiver of a secured interest in the collateral, thereby treating consent and waiver as a "cause and effect" defense… lien may be waived by either express, implied, or conditional consent." *Conoco, Inc. v. Amarillo National Bank, 950 S.W. 2d 795* (Tex. Civ. App.- Amarillo, 1997). "The well established rule in Texas may be stated as follows: if a transfer of collateral is consented to by a party holding a secured claim in the collateral, the secured party waives his security interest, the transferee takes free and clear of such interest..." *Id*.

Accordingly, DCE will not turn over the proceeds of the sale of its vehicles. With respect to your Clients' request for an accounting, the Trustee has requested that DCE and your Clients provide an accounting with respect to the sales of their respective vehicles. DCE is providing an accounting to the Trustee, and DCE will provide this information to your Clients if your Clients will agree to make the same disclosures to DCE. This mutual exchange of information is necessary before productive discussions between the parties can occur.

Once this information has been exchanged, I suggest that our respective clients schedule a meeting or a mediation to discuss this matter more fully and to try and reach an amicable resolution. Please discuss with your client and let me know their response. I have copied DCE's corporate counsel, Stevens | Henry, PLLC.

Sincerely,

Amber Morgan Florio
Attorney for Dealers Credit Express, Inc.
PO Box 470101
Fort Worth, TX 76107
Phone: 817-727-7187/Fax: 866-941-5321
Email: amber@floriolawfirm.com


Cc:
Stevens | Henry, PLLC
Attn: Scott E. Stevens
Counsel for Dealers Credit Express, Inc.
222 N. Fredonia
Longview, TX 75601
Phone: 903-753-6760
Fax: 903-753-6761
Email: scott@stevenshenry.com