**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| NEXTGEAR CAPITAL, INC. and | § | |
| WESTLAKE FLOORING COMPANY, LLC, | § | No. 3:17-cv-01012-M |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| DEALERS CREDIT EXPRESS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## NOTICE OF DEFICIENCY AND ORDER

Before the Court is Plaintiffs' Original Complaint [ECF No. 1].   After reviewing the Original Complaint, the Court *sua sponte* questions whether it has subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction); *McDonal v. Abbott Labs*., 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

District courts generally may hear a case only if it involves a question of federal law or if complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.   *See* 28 U.S.C. §§ 1331, 1332.   The party seeking to invoke federal diversity jurisdiction bears the burden of establishing jurisdiction.   *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).   "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."   *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc*., 706 F.2d 633, 636 & n. 2 (5th Cir. 1983).

1

In its Original Complaint, Plaintiffs allege that federal jurisdiction is proper under 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00.   Compl. ¶ 4.   Plaintiffs claim the dispute is between citizens of different states because: (1) Plaintiff NextGear Capital, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Carmel, Indiana; (2) Plaintiff Westlake Flooring Company, LLC, is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California; and (3) Defendant Dealers Credit Express, Inc. is a corporation organized and existing under the laws of the State of Texas.   *Id.* ¶¶ 1–3.

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side."   *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).   The Fifth Circuit has held that "the citizenship of a LLC is determined by the citizenship of all of its members."   *Harvey. v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see also Gen. Tech. Apps., Inc. v. Exro Ltda*, 388 F.3d 114, 122 (4th Cir. 2004).   Therefore, to adequately plead the citizenship of a limited liability company, a party must allege the citizenship of each of its members. Plaintiffs have not alleged the citizenship of the members of Plaintiff Westlake Flooring Company, LLC.   Without such allegations in the record, this Court is unable to determine whether it has jurisdiction.   *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The Court therefore **ORDERS** Plaintiff Westlake Flooring Company, LLC, no later than **April 26, 2017,** to file an affidavit or declaration stating the citizenship of its members.

**SO ORDERED**.

April 12, 2017.

**BARBARA M. G. LYNN**
**CHIEF JUDGE**

2