UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. AND<br>WESTLAKE FLOORING COMPANY, LLC,<br><br>PLAINTIFFS,<br><br>V.<br><br>DEALERS CREDIT EXPRESS, INC.,<br><br>DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:17-cv-01012-M |

**JOINT REPORT FILED BY PLAINTIFFS AND DEFENDANT PURSUANT TO ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT FOR CONTENTS OF SCHEDULING ORDER**

COMES NOW NEXTGEAR CAPITAL, INC. ("NextGear") AND WESTLAKE FLOORING COMPANY, LLC ("WFC"), Plaintiffs herein, and Dealers Credit Express, Inc. ("DCE"), Defendant in the above-styled case, and in compliance with the Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order [Doc. # 10] would respectfully show the following:

**JOINT REPORT FOR SCHEDULING ORDER**

1. **Summary of Plaintiff's Claims**:

Plaintiffs claim a first priority security interest in the motor vehicle inventory of Bullmoose Motor Sports, LLC d/b/a James Maverick Motor Sports ("Bullmoose") pursuant to floorplan financing agreements signed and executed by Bullmoose. Bullmoose granted blanket liens in its motor vehicle inventory as well as any chattel paper proceeds to both NextGear and WFC, both of whom perfected their security interest by filing the appropriate UCC-1 financing statement with the Texas Secretary of State. DCE secured in its possession, custody and control fourteen (14)

vehicles, which were previously repossessed from of Bullmoose's motor vehicle inventory by DCE and sent to Alliance Auto Auction in Dallas for storage. The 14 recovered vehicles are described by make, year, and VIN (the "Recovered DCE Vehicles") in Exhibit "J" to Plaintiff's Complaint. All fourteen (14) Recovered DCE Vehicles were inventory held for sale by Bullmoose in the ordinary course of Bullmoose's business.

Although NextGear and WFC did not provide Bullmoose with financing for these specific Recovered DCE Vehicles, Plaintiffs nonetheless hold a perfected security interest in the Recovered DCE Vehicles by virtue of their priority blanket security interest in Bullmoose's motor vehicle inventory and proceeds thereto, among other things, due to the prior, earlier in time, UCC-1 filings by both NextGear and WFC.[1] Both NextGear and WFC filed their UCC-1 Financing Statements prior to DCE allegedly filing its UCC-1 Financing Statement with the Texas Secretary of State. Plaintiffs allege DCE failed to take the appropriate, affirmative steps to secure its first priority security interest in the Recovered DCE Vehicles.

DCE sold the Recovered DCE Vehicles without notice to Plaintiffs and retained the sales proceeds thereto, which are also subject to Plaintiff's first priority blanket security interest against Bullmoose. Plaintiffs' causes of action against DCE include a request for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.*, and Tex. Bus. & Com. Code § 37.001 *et seq.* as to extent of DCE's liability and resulting economic loss to Plaintiffs as a result of DCE's commercially unreasonable disposition of the Recovered DCE Vehicles under § 9.625(b) of the TEX. BUS. & COMM. CODE. Moreover, Plaintiffs also seek an order declaring Plaintiffs' security interests in the Disputed Proceeds superior to that of DCE whereby NextGear will be entitled to the first $250,253.68 in Disputed Proceeds and WFC shall be entitled to the remaining Disputed Proceeds,

---

[1] *See* TEX. BUS. & COM. CODE § 9.322.

and further seek an order requiring DCE to release and tender the Disputed Proceeds to Plaintiffs. Plaintiffs are also seeking recovery of their reasonable and necessary attorneys' fees as well as claims for conversion and constructive trust against DCE for the improper sale of the Recovered DCE Vehicles and retention of sales proceeds in violation of Plaintiffs' priority perfected security interest in such sales proceeds.

### Summary of DCE's Defenses:

DCE denies that Plaintiffs are entitled to relief in this case. DCE financed Bullmoose's purchase of the fourteen (14) vehicles at issue (the "DCE Vehicles"), and DCE perfected its security interest by filing a UCC-1 financing statement with the Texas Secretary of State. DCE also maintained possession of the title certificates to the DCE Vehicles.

Plaintiffs knew that DCE was "flooring" vehicles for Bullmoose and that DCE had a security interest in certain vehicles. In fact, at Nextgear's request, DCE agreed to "trade" vehicles with Nextgear in Bullmoose's inventory.

Prior to filing for bankruptcy protection, Bullmoose notified DCE, and presumably also notified Westlake and Nextgear, that it planned to turn over vehicles to the secured creditors who had "floored" the vehicles for Bullmoose. With Bullmoose's consent, DCE took possession of the DCE Vehicles. On the same day, Westlake took possession of certain vehicles that Westlake had "floored," and Westlake assisted DCE in identifying the DCE Vehicles on Bullmoose's premises. Westlake therefore knew that DCE was taking possession of the DCE Vehicles and did not object or otherwise attempt to assert its alleged security interest in those vehicles. On information and belief, Nextgear also attempted to recover the vehicles that it had "floored" for Bullmoose prior to Bullmoose's bankruptcy filing. However, Nextgear failed to take reasonable steps to recover any other vehicles in Bullmoose's inventory and failed to assert its alleged security interest in other

vehicles.

After Bullmoose filed bankruptcy, DCE sought permission from the Bankruptcy Court to sell the DCE Vehicles. Nextgear objected to DCE's request. Despite Nextgear's objection, the Bankruptcy Court entered an order lifting the automatic stay to allow DCE to proceed with liquidating the DCE Vehicles. DCE notified Westlake and Nextgear regarding the proposed sale, and DCE then sold the DCE Vehicles at auction. To DCE's knowledge, neither Westlake nor Nextgear participated in the auction, and neither Westlake nor Nextgear appealed the Bankruptcy Court's orders.

DCE contends that Plaintiffs, through their acts and/or omissions, waived and are now estopped from asserting any rights as secured creditors they may have had in the DCE Vehicles and any rights they may have had to complain about the price for which the DCE Vehicles were sold at auction. DCE also contends that Plaintiffs are collaterally estopped from complaining about any actions taken by DCE in conformity with the Bankruptcy Court's orders and rulings.

With respect to Plaintiffs' conversion claim, DCE would show that it had a superior right to possess the DCE Vehicles, since DCE held title to the DCE Vehicles, and since Plaintiffs knew that DCE had a floor plan with Bullmoose and that Bullmoose voluntarily transferred the vehicles to DCE in partial satisfaction of its debt to DCE. DCE would further show that Plaintiffs' own acts and omissions caused or contributed to Plaintiffs' alleged damages, if any.

2. **Proposed Deadline to File Motions for Leave to Join Other Parties.** The parties agree that the deadline to file motions for leave to join additional parties is August 1, 2017.

3. **Proposed Deadline To File Amended Pleadings.** Absent leave of court upon motion by either party for cause shown, the deadline for Plaintiffs to file an amendment to its

complaint in this matter is October 1, 2017. The deadline for DCE to file an amendment to its live pleadings and/or answer on file is October 15, 2017.

4. **Deadline to File Dispositive Motions**. The parties agree that the deadline to file dispositive motions, including motions for summary judgment, shall be 120 days prior to the Initial Trial Setting in this matter.

5. **Deadline for Designation of Experts**. The parties agree that Plaintiffs' deadline to designate expert witnesses shall be November 15, 2017. DCE's deadline to designate expert witnesses shall be December 15, 2017.

6. **Deadline For Responsive Designation of Experts**. Plaintiffs' deadline to designate rebuttal expert witnesses with respect to DCE's expert witness designation shall be January 5, 2018.

7. **Deadline For Objections to Experts**. The parties agree that the deadline for either party to file objections to expert witnesses, including any *Daubert* or similar motion, shall be 90 days prior to the Initial Trial Setting in this matter.

8. **Proposed Discovery Plan**. The parties may conduct discovery consistent with the Federal Rules of Civil Procedure. The parties further agree that the discovery period with respect to factual discovery will close February 16, 2018. The parties agree that the discovery period with respect to expert discovery shall close March 16, 2018. The parties further agree that the discovery period may be extended by mutual written agreement of the parties without the need for a court order.

9. **Proposed Limitations to Discovery**. The parties do not propose any changes to the limitations on discovery other than those imposed by the Federal Rules of Civil Procedure or by local rule.

10. **Proposed Means for Disclosure of Electronically Stored Information**. At the current time, it is not anticipated by either Plaintiffs or DCE that there will be substantial Electronically Stored Information ("ESI") at issue in this litigation other than e-mail communications. While both parties recognize the need to preserve relevant ESI for purposes of this litigation, there is no need to treat disclosure or discovery of ESI different than through the normal course of written discovery.

11. **Proposals regarding Handling of Privileged or Trial Preparation Material**. At the current time, neither party anticipates it will be seeking confidential, trade secret, or sensitive information that will need to be subject to a court order limiting access and disclosure of such materials. However, if confidential, sensitive, or privileged information is sought, compelled, and/or exchanged through discovery, the parties will seek entry of an appropriate protective order to limit the scope and use of such materials.

12. **Proposed Trial Date**. The parties propose an initial trial setting in June of 2018. The parties are available for any week in the month of June, 2018, at the court's convenience.

13. **Settlement Negotiations**. Prior to the filing of the above-styled lawsuit, counsel for Plaintiff and counsel for DCE conducted phone calls and exchanged e-mails in an attempt to resolve this matter informally, but the negotiations did not lead to a settlement. The parties agree to confer by phone regarding settlement negotiations on March 16, 2018, which is the deadline for the expert discovery period.

14. **Rule 26(a) Disclosures**. The parties agree to exchange initial disclosures as set forth in Rule 26(a) of the Federal Rules of Civil Procedure on or before July 7, 2017, which is 30 days after the deadline for the filing of this Joint Report.

15. **Consent to Trial By U.S. Magistrate Judge Paul D. Stickney.**  At the current time, Plaintiffs consent to a trial before U.S. Magistrate Judge Paul D. Stickney.  Defendant Dealer Credit Express, Inc. does not consent to trial before the Magistrate Judge at this time.

16. **Mediation**.  The parties are generally agreeable to mediation, which the parties agree should take place after the close of the expert discovery period of March 16, 2018.  Plaintiffs and Defendant have agreed to use Beth Krugler as a mediator in this matter.

17. **Other Proposals For Trial Preparation**.  The parties have no other proposals regarding scheduling and discovery other than the deadlines proposed herein.

18. **Conference with Court**.  The parties do not believe a scheduling conference with the Court is required.  Instead, the parties agree that any scheduling order issued by the Court that contains the dates set forth herein will be satisfactory.

19. **Miscellaneous Matters**.  At the current time, the parties are not aware of any other matters relevant to the status and disposition of this case, including any other orders that should be entered by the Court under Fed. R. Civ. P. 16(b) and (c) and 26(c).

| | |
|---|---|
| PADFIELD & STOUT, L.L.P<br>421 W. Third Street, Suite 910<br>Fort Worth, Texas 76102<br>Phone: 817-338-1616<br>Fax: 817-338-1610<br><br><br>/s/ Christopher V. Arisco<br>Alan B. Padfield<br>State Bar I.D.# 00784712<br>abp@livepad.com<br>Christopher V. Arisco<br>State Bar I.D. #24064830<br>carisco@livepad.com<br><br>*Attorneys for NextGear and WFC* | Stevens \| Henry, PLLC<br>PO Box 3427<br>Longview, Texas 75606<br>Phone: 903-753-6760<br>Fax: 903-753-6761<br><br><br>/s/ Scott E. Stevens<br>Scott E. Stevens<br>State Bar I.D. # 00792024<br>scott@stevenshenry.com<br>David P. Henry<br>State Bar No. 24027015<br>david@stevenshenry.com<br><br>*Attorneys for Dealers Credit Express, Inc.* |