**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| NEXTGEAR CAPITAL, INC. AND WESTLAKE FLOORING COMPANY, LLC <br><br> Plaintiffs, <br><br> v. <br><br> DEALERS CREDIT EXPRESS, INC. <br><br> Defendant. | Case No.  3:17-cv-01012-M |

**DEFENDANT'S OPPOSED MOTION FOR JURY TRIAL PURSUANT TO RULE 39**
**AND BRIEF IN SUPPORT THEREOF**

Defendant, Dealers Credit Express, Inc. ("DCE"), files this Motion for Jury Trial pursuant to Rule 39 of the Federal Rules of Civil Procedure ("Motion"), and would respectfully show as follows:

I.      <u>INTRODUCTION</u>

DCE filed its Original Answer (Doc. #8) ("Answer") on May 8, 2017.  DCE's Answer did not contain a request for jury trial on the allegations raised in Plaintiffs' Original Complaint (Doc. #1) or DCE's affirmative defenses.

The deadline for DCE to demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure was May 22, 2017.  FED. R. CIV. P. 38.  Through the inadvertence of DCE's counsel, DCE did not file or serve a demand for jury trial in accordance with Rule 38 within the time frame set forth therein.  Accordingly, DCE files this Motion and seeks an order placing this matter on the jury docket under Rule 39(b) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 39(b).

## II.   ARGUMENT

Rule 39 of the Federal Rules of Civil Procedure grants the district court discretion to relieve a party from waiver of a jury trial under Rule 38.  *Daniel International Corporation v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.), *cert. denied*, 379 U.S. 962 (1964)).  Specifically, Rule 39(b) provides as follows:

> (b) WHEN NO DEMAND IS MADE.  Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Since the right to a jury trial is a fundamental right guaranteed by the Seventh Amendment of the United States Constitution, "[w]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary."  U.S. CONST. amend. VII; *Daniel International Corporation*, 916 F.2d at 1064 (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.), *cert. denied*, 379 U.S. 962 (1964)).

Additionally, the Fifth Circuit has adopted five factors promulgated by the Eleventh Circuit courts that district courts should consider in the exercise of discretion under Rule 39(b) as set forth below:

> (1)  whether the case involves issues which are best tried to a jury;
>
> (2)  whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>
> (3)  the degree of prejudice to the adverse party;
>
> (4)  the length of the delay in having requested a jury trial; and
>
> (5)  the reason for the movant's tardiness in requesting a jury trial.

*Daniel International Corporation*, 916 F.2d at 1064 (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983)); *see also Quillin v. Penrod Drilling Co.*, 648 F. Supp. 462 463-64 (E.D. Tex. 1986).

The Fifth Circuit's application of the *Parrott* factors in the *Daniel International Corporation* case demonstrates that a court should generally grant a motion under Rule 39 even when the requesting party files a request for jury demand **several months** after the applicable deadline and no prejudice or harm is imposed on the other parties to the case. *Id.* (emphasis added). Application of *Parrott's* factors to the facts of this case mitigate in favor of granting DCE's Motion because: (1) this case includes allegations of conversion and constructive trust, with affirmative defenses of waiver, estoppel, collateral estoppel, unjust enrichment, superior right to possess and proportionate responsibility; consequently, the operative issues are well within the comprehension of a jury and are the sort of issues usually tried to a jury; (2) this Court has not yet entered a scheduling order or otherwise set this matter for trial, so there will be no disruption of this Court's or Plaintiffs' schedules; (3) because this case is still in its initial stages and no discovery or disclosures have been served or exchanged between the parties, Plaintiffs will not suffer prejudice or harm due to DCE's request for jury trial at this early juncture and they will have adequate time to prepare for a jury trial on this matter; (4) DCE is seeking a request for jury trial mere days, and not months, after the deadline to file a request under Rule 38, and (5) the reason for Defendant's tardiness in requesting a jury trial is inadvertence of DCE's counsel, and the request is being made at the earliest possible time after discovery of the omission, so there is no "strong and compelling" reason to deny the request. *See, e.g., SE Prop. Holdings LLC v. Jordan*, 2012 U.S. Dist. LEXIS 89048, **5-6 (N. D. Tex. June 27, 2012). Under these circumstances, Defendant's fundamental constitutional right to a trial by jury should not be denied.

3

Courts in this district have exercised their discretion to grant a motion for jury trial under Rule 39(b) where parties have been tardy in requesting a jury. *Id.; Bell v. Gen. Am. Life Ins. Co.*, 2014 U.S. Dist. LEXIS 26555, **4-5 (N. D. Tex. Mar. 3, 2014) ("This court does not simply tally the factors when deciding a Rule 39(b) motion and see whether more factors favor granting or denying the motion. Instead, it considers all the factors holistically, keeping firmly in mind the Seventh Amendment fundamental right of trial by jury."); *Kelley v. Old Mut. Fin. Network Sec., Inc.*, 2010 U.S. Dist. LEXIS 97132 (N. D. Tex. Sept. 15, 2010).

This Motion is not brought for the purposes of delay but so that DCE may have justice as guaranteed by the Seventh Amendment of the United States Constitution. U.S. CONST. amend. VII. DCE respectfully requests that the Court exercise its discretion granting DCE's request for jury trial and place this matter on the Court's jury trial docket.

III.   <u>CONCLUSION</u>

For the reasons set forth above, DCE prays that the Court grant DCE's Motion and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____

Scott E. Stevens
State Bar No. 00792024
David P. Henry
State Bar No. 24027015
**STEVENS | HENRY, PLLC**
P.O. Box 3427
Longview, Texas 75606
Tel: (903) 753-6760
Fax: (903) 753-6761
scott@stevenshenry.com
david@stevenshenry.com

Amber Florio
State Bar No. 24056643
**FLORIO LAW FIRM, PLLC**

420 Throckmorton Street, Suite 200
Fort Worth, Texas 76107
Phone: 817-727-7187
Fax: 866-941-5321
amber@floriolawfim.com

**ATTORNEYS FOR DEFENDANT**
**DEALERS CREDIT EXPRESS, INC.**


## <u>CERTIFICATE OF SERVICE</u>

By my signature below, I do hereby certify that on June 20, 2017, a true and correct copy of the foregoing was filed using the Court's electronic filing system, which will provide notice to all parties of record.

By: _____*/s/ Scott E. Stevens*_____
Scott E. Stevens


## <u>CERTIFICATE OF CONFERENCE</u>

I certify that on the 20th day of June, 2017, counsel for Plaintiffs and counsel for Defendant conferred regarding the relief sought in this Motion.  Counsel for Plaintiffs opposes the relief sought in this motion.

By: _____*/s/ Scott E. Stevens*_____
Scott E. Stevens