UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. AND | § | |
| WESTLAKE FLOORING COMPANY, LLC, | § | |
| | § | |
| PLAINTIFFS, | § | CIVIL ACTION NO. 3:17-cv-01012-M |
| | § | |
| V. | § | |
| | § | |
| DEALERS CREDIT EXPRESS, INC., | § | |
| | § | |
| DEFENDANT. | § | |

## OBJECTION TO DEFENDANT'S OPPOSED MOTION FOR JURY TRIAL PURSUANT TO RULE 39

COMES NOW NEXTGEAR CAPITAL, INC. AND WESTLAKE FLOORING COMPANY, LLC, Plaintiffs herein, and files this Objection to Defendant's Opposed Motion for Jury Trial Pursuant to Rule 39 and Brief in Support Thereof, and for cause would respectfully show the following

## OBJECTION

1. It is undisputed that defendant Dealers Credit Express, Inc. ("DCE") filed its Original Answer [Doc. # 8] ("Answer") on May 8, 2017, but failed to request a jury trial in the Answer. It is also undisputed that DCE failed to timely request a jury trial prior to the deadline to demand such a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure, which the parties agree was May 22, 2017.

2. DCE's belated request for a jury trial filed on June 21, 2017, pursuant to its Opposed Motion for Jury Trial Pursuant To Rule 39 And Brief In Support Thereof (the "Motion") is almost one month after the deadline imposed by Rule 38. Moreover, at no time during the parties' communications leading to the filing of the Joint Report Filed By Plaintiffs

and Defendants Pursuant to Order Requiring Scheduling Conference and Report For Contents of Scheduling Order [Doc. # 13] (the "Joint Report") on June 13, 2017, did counsel for DCE indicate that DCE desired a trial by jury.  Certainly, nothing in the proposed trial date (paragraph 12 of Joint Report), other proposals for trial preparation (paragraph 17 of Joint report) or miscellaneous matters (paragraph 19 of Joint Report) reference DCE's desire for a trial by jury.

3. Rule 38(d) of the Federal Rules of Civil Procedure explicitly states that a party may waive a right to a jury trial as follows:

> A party waives a jury trial unless its demand is properly served and filed.  A proper demand may be withdrawn only if the parties consent.[1]

Other courts have consistently held that if a jury trial is not timely demanded, then a party waives the right to a jury trial.[2]  It has been repeatedly held by the Fifth Circuit that it is not an abuse of discretion for a trial court to deny a Rule 39(b) motion "…when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party."[3]  DCE has admitted in its Motion that it failed to request the jury trial through inadvertence.[4]

4. Moreover, there are "strong and compelling" reasons to deny DCE's Motion after applying the five factors (the *"Parrot* factors") cited by the *Daniel International Corporation* court, which are as follows:[5]

(1) whether the case involves issues which are best tried to a jury;

---

[1] Fed. R. Civ. P. 38(d).
[2] *See, e.g., Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202 (7th Cir. 1985) (failure to file timely demand for jury trial results in waiver of the right); *see also Mesa Petroleum Company v. Coniglio*, 629 F.2d 1022, 1029 (5th Cir. 1980) (upholding waiver of jury trial even though Rule 39(b) request was made in ample time for a jury trial and jury was otherwise available for a jury trial).
[3] *Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 873 (5th Cir. 1991) (citing *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 395-96 (5th Cir. 1970); *O'Malley v. U.S. Fidelity and Guar. Co.*, 776 F.2d 494, 501-02 (5th Cir. 1985); *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653-54 (5th Cir. 1984); *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. 1981)).
[4] *See* pp. 1. of DCE's Motion.
[5] *Daniel International Corporation v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir., *cert. denied*, 379 U.S. 962 (1964)).

  (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

  (3) the degree of prejudice to the adverse party;

  (4) the length of the delay in having requested a jury trial; and

  (5) the reason for the movant's tardiness in requesting a jury trial.[6]

  5. The first of the *Parrott* factors, which Plaintiffs respectfully submit is the most important of all the *Parrott* factors, mitigates in favor of a non-jury trial because this lawsuit involves a factually simple matter involving the technical interpretation and application of law with respect to perfection and priority of competing secured creditors' security interest in the same collateral.  A jury is not well equipped to interpret, understand, or apply technical statutes involving perfection, priority, and security interests among competing creditors under Article 9 of the Texas Business and Commerce Code.  If this case proceeds to trial, a jury charge will be highly complex.  However, Plaintiffs anticipate they will submit simple and straightforward proposed findings of fact and conclusions of law as part of a bench trial.  This Court is much better equipped to handle such legal issues and apply them to the undisputed facts.  Pursuant to DCE's response to Plaintiff's Complaint, there is no legitimate factual dispute that DCE failed to take the necessary steps to properly and timely elevate its junior security interest in the Recovered DCE Vehicles[7] such that it would have priority over Plaintiffs' prior-filed UCC-1 financing statements.  Thus, the primary issues in this case involves applying Article 9 of the Texas Business & Commerce Code to undisputed facts, which when proven will establish Plaintiffs' superior rights in the Recovered DCE Vehicles and any sales proceeds thereto.

  6. Furthermore, DCE has not pled specific factual issues concerning waiver,

---

[6] *Id.*

[7] Plaintiffs incorporate by reference the definition of "Recovered DCE Vehicles" as defined in paragraph 40 of Plaintiffs' Original Complaint [Doc. # 1].

estoppel, collateral estoppel, unjust enrichment, or proportionate responsibility in its Answer that would justify a jury determination of these affirmative defense matters. Even if the factual allegations in DCE's Answer with respect to its affirmative defenses were considered true, for purposes of this objection, the mere fact that Plaintiffs are alleged to have had knowledge that DCE previously "floored" the Recovered DCE Vehicles or that DCE asserted a security interest in the Recovered DCE Vehicles cannot on its own factually support DCE's shotgun affirmative defenses of waiver, estoppel, collateral estoppel, unjust enrichment, or proportionate responsibility. All other allegations set forth in DCE's affirmative defenses are conclusory. Therefore, Plaintiffs submit that there is no merit to DCE's conclusory affirmative defenses and certainly no basis to have a jury to parse through the complex and technical statutes of Article 9 to make a determination on DCE's legal defenses.

7. With respect to factor five (5) of the *Parrott* factors, which references the stated reason for the movant's tardiness in requesting a jury trial, Plaintiffs have shown that mere inadvertence by the movant or movant's counsel is not a sufficient basis to grant a jury trial on a Rule 39(b) motion. As previously set forth in this objection, the Fifth Circuit has repeatedly held that a trial court does not abuse its discretion when denying a Rule 39(b) motion for jury trial in light of such inadvertence by a movant.[8]

**WHEREFORE**, Plaintiffs NextGear Capital, Inc. and Westlake Flooring Company, LLC, respectfully request that the Court deny DCE's Motion and grant to Plaintiffs such other and further relief as the Court may deem just and proper.

---

[8] *Farias*, 925 F.2d at 873.

          **Respectfully submitted,**

          PADFIELD & STOUT, L.L.P
          421 W. Third Street, Suite 910
          Fort Worth, Texas 76102
          Phone: 817-338-1616
          Fax: 817-338-1610

          /s/ Christopher V. Arisco
          Alan B. Padfield
          State Bar I.D.# 00784712
          abp@livepad.com
          Christopher V. Arisco
          State Bar I.D. #24064830
          carisco@livepad.com

          *Attorneys for NextGear and WFC*

## CERTIFICATE OF SERVICE

Counsel for Plaintiffs certify that on July 6, 2017, the foregoing objection was served on defendant Dealers Credit Express, Inc., by and through its counsel of record, Scott E. Stevens, at P.O. Box 3427, Longview, Texas 75606, via certified mail, regular mail, and e-mail at scott@stevenshenry.com

          /s/ Christopher V. Arisco
          Christopher V. Arisco