IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND WESTLAKE FLOORING COMPANY, LLC<br><br>Plaintiffs,<br><br>v.<br><br>DEALERS CREDIT EXPRESS, INC.,<br><br>Defendant, | Case No. 3:17-cv-01012-M<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT DEALERS CREDIT EXPRESS, INC.'S OPPOSED MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Defendant files this motion for leave to file the Third-Party Complaint attached hereto as Exhibit 1 against Third-Party Defendants Carroll LeBouef and Challis LeBouef. This motion is being filed in advance of the August 1, 2017 joinder deadline to which the parties have agreed in their Joint Report of the proposed contents of the Scheduling Order in this case (Dkt. No. 13).

### A. INTRODUCTION

In this case, Plaintiffs have sued Defendant to recover proceeds that Defendant earned from the sale of 14 specific vehicles Defendant had financed for a company owned by Third-Party Defendants, called Bullmoose Motor Sports, LLC d/b/a James Maverick Motor Sports ("Bullmoose"). Bullmoose filed for bankruptcy in 2016, but before it did, Third-Party Defendants voluntarily surrendered those 14 vehicles to Defendant in partial repayment of the debt. Plaintiffs had also financed vehicles for Bullmoose prior to its filing for bankruptcy. Third-Party Defendants failed to pay back all that they owed to Plaintiffs and Defendant. Thus, all parties presently in this case have suffered monetary damages due to Third-Party Defendants'

failure to pay their debt.

Plaintiffs now claim a "superior-priority blanket lien" on the vehicles that Defendant sold, claiming that Defendant owes them the money it obtained from the sale. (Complaint, Dkt. 1, at ¶ 49). Defendant denies that Plaintiffs are entitled to the money. Regardless, but for Third-Party Defendants' default, Plaintiffs would have no claim against Defendant. In other words, Defendant's claim against Third-Party Defendants is derivative of Plaintiffs' claim against Defendant.

### B. FACTS

On or about June 29, 2016, Defendant extended a floor plan line of credit under a Dealer Floor Plan Agreement ("Floor Plan") to Bullmoose in the maximum amount of five hundred thousand ($500,000.00) dollars, to be used exclusively for purchasing certain inventory for sale in the ordinary course of Bullmoose's business (Ex. A to TPC). In connection with the Floor Plan, Bullmoose executed a Floor Plan Line of Credit Promissory Note ("Note") and a Security Agreement ("Security Agreement") (Exs. B and C to Ex. 1). In addition, on or about June 29, 2016, both Third-Party Defendants, in their individual capacities, separately entered into agreements with Defendant in which they personally guaranteed the repayment of any advances made under the Floor Plan ("Personal Guaranties") (Exs. D and E to Ex. 1).

On September 21, 2016, prior to filing for Chapter 7 bankruptcy, Bullmoose voluntarily surrendered to Defendant 14 vehicles ("Recovered Vehicles") as a partial repayment of the amounts owed to Defendant, which at the time was almost $500,000.00. On September 22, 2016, Bullmoose filed a Chapter 7 bankruptcy proceeding. Defendant had advanced funds to specifically finance the Recovered Vehicles and Defendant had a security interest in and held the titles for the Recovered Vehicles. Defendant sent the Recovered Vehicles to Alliance Auto

Auction in Dallas, Texas for storage.  Subsequently, Defendant sold the Recovered Vehicles at auction.

As a result of Third-Party Defendants' breach of their Personal Guaranties, Defendant has already been damaged and, in the event that Plaintiffs are successful in this action against Defendant, will suffer additional damages, along with costs, interest and attorneys' fees in defense of Plaintiffs' action against Defendant.  Thus, Third-Party Defendants will liable to Defendant for the money that Plaintiffs seek to recover from Defendant in the event Plaintiffs are successful.

### C. ARGUMENT

Defendant's present motion should be granted because Third-Party Defendants are liable to Defendant for all or part of Plaintiffs' claim against Defendant.  Fed. R. Civ. P. 14(a)(1); *FDIC v. Bathgate*, 27 F.3d 850, 873 (3rd Cir. 1994).  Under Rule 14(a), a defendant may sue "a nonparty who is liable or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "[I]mpleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim" and is appropriate "only in cases where the third party's liability [is] in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967); *Am. First Lloyd's Ins. Co. v. Global Experience Specialists, Inc.*, 2013 U.S. Dist. LEXIS 165302, at *9 (N.D. Tex. November 21, 2013); *see also Neal v. 21st Mortg. Corp.*, 601 F. Supp. 2d 828, 832 n.6 (S.D. Miss. 2009) (citing *United States v. Bailey*, 516 F. Supp. 2d 998, 1019-20 (D. Minn. 2007) ("[A] defendant may not use Rule 14 to implead a third-party defendant who may have liability to the plaintiff instead of the defendant or in addition to the defendant.")).

"[F]actors that courts have considered in deciding whether to permit a third-party

complaint include possible prejudice to the other parties, undue delay by the third party plaintiff, and whether allowing the third party complaint would further the goals of Rule 14 by eliminating duplicative suits and promoting judicial economy." *Am. Int'l Specialty Lines Ins. Co. v. 7-Eleven, Inc.*, 2009 U.S. Dist. LEXIS 70018, at *2 (N.D. Tex. Aug. 7, 2009); *Briones v. Smith Dairy Queens, Ltd.*, 2008 U.S. Dist. LEXIS 70148, at *2 (S.D. Tex. Sept. 9, 2008)). Moreover, "the court is afforded 'wide discretion' in deciding whether to permit such third-party practice." *Id.* (citing *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984) (per curiam)).

First, as outlined above, Defendant's third-party claim is undeniably derivative of Plaintiffs' claim against Defendant. In fact, if Defendant is required to pay Plaintiffs the money they seek, Defendant would then have to seek that same money from Third-Party Defendants in a duplicative suit. Second, Defendant has not unduly delayed in filing this motion as it is being filed before the agreed joinder deadline. Third, allowing the filing of Defendant's Third-Party Complaint would result in no prejudice to Plaintiffs because this case is in its early stages, the Court has not yet entered the parties' agreed Scheduling Order, and no depositions have been taken. Moreover, adding Third-Party Defendants will not require modification of the parties' agreed schedule in this case. Although the parties have had discussions about holding an early mediation, it has not yet been held. Fourth, allowing the Third-Party Complaint would eliminate duplicative suits and facilitate judicial economy. For example, discovery will be required from Third-Party Defendants in any event because they were witnesses to facts supporting some of Defendant's affirmative defenses, such as waiver, estoppel, collateral estoppel, and proportionate responsibility. Third-Party Defendants were firsthand witnesses to what Plaintiffs knew about the financing Defendant provided for specific vehicles and when they knew it.

Plaintiffs will likely argue that Defendant's claim against Third-Party Defendants is not derivative of Plaintiffs' main claim because the former is based on a contractual obligation and the latter is based upon the priority of a security interest, *i.e.* that the theories of recovery are different. However, this Court <u>rejected</u> just such an argument in *Am. First Lloyd's Ins. Co. v. Global Experience Specialists, Inc.*, 2013 U.S. Dist. LEXIS 165302, at *9 (N.D. Tex. November 21, 2013). In that case, the plaintiff's main claim related to whether the defendant was covered by an insurance policy issued by the plaintiff. *Id.* at **1-2. If the defendant was covered, then the plaintiff insurance company would have to pay all or part of damages awarded to another party (William Purnell) in a separate case; if not, defendant would have to pay those damages. *Id.* at *2. The defendant sought to file a third-party complaint against Brian Cree & Associates, Inc. d/b/a Southwest Displays & Events ("Southwest"), Inc. on the basis that Southwest was liable to it "under contractual obligations to provide insurance coverage for, and indemnify, [defendant]." *Id.* at **1-2. The plaintiff argued that the proposed contract claim involved different issues, contending that the main claim involved whether defendant was covered under an insurance policy, whereas the defendant's third-party claim would primarily involve the construction of the contract. *Id.* at **8-9. The Court granted the motion, finding that the defendants' contract claim was derivative of the plaintiff's claims regarding insurance coverage because the defendant was trying to inject its indemnity claim against Southwest into the case in the event the plaintiff was successful in denying insurance coverage. *Id.* at * 10. This Court's decision in *Am. First* is entirely consistent with fifth Circuit law, which holds that it is the *outcome* of the case that must be derivative. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967) (Holding that Rule 14 impleader is appropriate "only in cases where the third party's liability [is] in some way derivative of the *outcome* of the main claim." (emphasis

added)).

By the present motion, Defendant is attempting to do the same thing here as the defendant in *Am. First*, so that Third-Party Defendants' indemnity to Defendant does not have to be adjudicated in a duplicative action. Accordingly, this Court should similarly conclude here that Defendant's Third-Party Complaint is derivative of Plaintiffs' main claim.

### D.  CONCLUSION

For these reasons, this Court should grant Defendants' present motion for leave to file the attached Third-Party Complaint.

Respectfully submitted,

_____
Scott E. Stevens
State Bar No. 00792024
David P. Henry
State Bar No. 24027015
**STEVENS | HENRY, PLLC**
P.O. Box 3427
Longview, Texas 75606
Tel: (903) 753-6760
Fax: (903) 753-6761
scott@stevenshenry.com
david@stevenshenry.com

Amber Florio
State Bar No. 24056643
**FLORIO LAW FIRM, PLLC**
420 Throckmorton Street, Suite 200
Fort Worth, Texas 76107
Phone: 817-727-7187
Fax: 866-941-5321
amber@floriolawfim.com

**ATTORNEYS FOR DEFENDANT
DEALERS CREDIT EXPRESS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2017, a true and correct copy of the foregoing document, DEFENDANT DEALERS CREDIT EXPRESS, INC.'S OPPOSED MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT was served via electronic mail on the following counsel of record:

Alan B. Padfield
abp@livepad.com

Christopher V. Arisco
carisco@livepad.com

PADFIELD & STOUT, L.L.P
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

By: _____
Scott E. Stevens

## CERTIFICATE OF CONFERENCE

I certify that on the 19th day of July, 2017, counsel for Plaintiffs and counsel for Defendant conferred regarding the relief sought in this Motion. Counsel for Plaintiffs opposes the relief sought in this motion.

By: _____
Scott E. Stevens