# FLOOR PLAN LINE OF CREDIT PROMISSORY NOTE
## No. 1867

FOR VALUE RECEIVED, the undersigned, Bullmoose Motor Sports, LLC dba James Maverick Motor Sports (hereinafter referred to as "Maker", whether one or more), whose address is 1624 W. Crosby Rd. Ste. 101, Carrollton, TX 75006, PROMISES TO PAY TO THE ORDER OF DEALERS CREDIT EXPRESS, INC., (which along with subsequent holders of the Note, and their successors or assigns is hereinafter referred to as "Payee"), at its principal office located in the City of Texarkana, Bowie County, Texas, or at such other place as the holder of this Note may from time to time designate in writing, the principal sum of FIVE HUNDRED THOUSAND AND 00/100THS DOLLARS ($500,000.00), or if less, the aggregate unpaid principal amount of all advances made by the Payee to Maker hereunder, in lawful money of the United States of America, which shall be legal tender for the payment of all debts or dues, public and private, at the time of payment. However, in no event shall the aggregate of unpaid principal advances, at any one time, exceed the amount of this Note nor shall the Payee be required to make any advancements hereunder in the event of default by the Maker (within the meaning of the Dealer Floor Plan Agreement or the Collateral Documents referred to herein) shall be continuing.

As each advancement is made or principal payment received under the terms of this Note and Dealer Floor Plan Agreement (herein sometimes called the "Loan Agreement"), Payee shall cause to be entered by journal entries kept in the ordinary course of Payee's business the amount of such advancement (or payment) and the date of such advancement (or payment). Maker irrevocably appoints Payee its attorney-in-fact to make such entry or entries, and loan advancements or payments received, as the case may be, evidenced by journal entries kept in the ordinary course of Payee's business shall constitute prima facie evidence of any such advancement or payment and the date thereof and such journal entries.

Maker shall pay this loan in full immediately upon Payee's demand.

Maker promises to the extent permitted by law to pay interest, payable on demand, on past due principal from the due date thereof at the maximum rate allowed by law. The post maturity rate on this Note is the maximum rate allowed by law.

It is especially agreed that time is of the essence of this agreement, and that if default shall be made in the payment of principal or interest on this Note or any other note or notes executed by the Maker or any guarantor hereof and held by the Payee or any other holder hereof as the same become due and payable, or if there is a default in any of the terms, covenants, agreements, conditions or provisions set forth in any instrument or document given to secure this Note or relating to this Note, or should Maker or any endorser, surety, or guarantor hereof become insolvent or commit an act of bankruptcy or make an assignment for the benefit of creditors or authorize the filing of a voluntary petition in bankruptcy or should a receiver of any of their property be appointed, or should involuntary bankruptcy proceedings be filed or threatened against Maker or any endorser, surety or guarantor hereof, or should the Payee or any other holder hereof conclude, in its sole discretion, that the prospect of payment of this Note is impaired for any reason (any of the foregoing being hereinafter referred to as a "Default'), then in any such event, the Payee or any other holder hereof, at its option, may declare the entirety of this Note, and any other note or notes executed by Maker or any guarantor hereof and held by Payee or any other holder hereof, together with all accrued but unpaid interest hereon, immediately due and payable without notice, demand or presentment, or notice of intent to accelerate to the Maker or any other person or party, all of which are hereby waived, and failure to exercise said option

Initials: [signature]

1

EXHIBIT B

shall not constitute a waiver on the part of Payee or any other holder hereof of the right to exercise said option at any other time. Upon the occurrence of a Default, Payee or any other holder of this Note shall also have the right to exercise any and all other rights, remedies and recourses now or hereafter existing in equity, at law, by virtue of statute or otherwise, including, but not limited to, the right to foreclose any and all liens and security interests securing this Note.

Each Maker, surety, and endorser of this Note expressly waives all notices of any kind or character, demands for payment, presentations for payment, notices of intention to accelerate, notice of acceleration, the maturity, protest, and notice of protest, as to this Note and as to each, every, and all installments hereof.

Maker may prepay all or any part hereof at anytime without penalty.

If this Note is not paid at maturity, howsoever said maturity may be brought about, and the same is placed in the hands of an attorney for collection or if collection by suitor through the probate court, bankruptcy court, or by any other legal proceedings is sought, the undersigned agrees to pay all expenses incurred, including reasonable attorney's fees.

The invalidity or unenforceability in particular circumstances of any provisions of this Note shall not extend beyond such provisions or such circumstances and no other provisions of this instrument shall be effected thereby.

It is the intention of Maker and Payee to conform strictly to the usury laws applicable to this transaction and permitting the highest lawful rate of interest; accordingly, it is agreed that notwithstanding any provisions to the contrary in this Note, or in any of the documents securing payment hereof or otherwise relating hereto, the aggregate of all interest and any other charges constituting interest under applicable law contracted for, chargeable or receivable under this Note or otherwise in connection with this transaction shall under no circumstances exceed the maximum amount of interest permitted by law. If any excess of interest in such respect is provided for, or shall be adjudicated to be so provided for, in this Note or in any of the documents securing payment hereof or otherwise relating hereto, then in such event (a) the provisions of this paragraph shall govern and control, (b) neither the Maker nor the Maker's heirs, legal representatives, successors or assigns or any other party liable for the payment hereof shall be obligated to pay the amount of such interest to the extent that it is in excess of the maximum permitted by law, (c) any excess shall be deemed a mistake and cancelled automatically and, if theretofore paid, shall, at the option of the holder of this Note, be refunded to Maker or credited on the principal amount of this Note, and (d) the effective rate of interest shall be automatically subject to reduction to the maximum lawful contract rate allowed under such laws as now or hereafter construed by courts of appropriate jurisdiction. It is further agreed that without limitation of the foregoing, all calculations of the rate of interest contracted for, charged or received under this Note or under such other documents which are made for the purpose of determining whether such rate exceeds the maximum lawful contract rate, shall be made, to the extent permitted by the laws of the State of Texas, by amortizing, prorating, allocating and spreading in equal parts during the period of the full stated term of the loan evidenced hereby, all interest at any time contracted for, charged or received from the undersigned or otherwise by the holder or holders hereof in connection with such loan.

This Note is secured by a Security Agreement and Dealer Floor Plan Agreement of even date herewith executed by the Note Maker, as Debtor, granting to the Note Payee, as Secured Party, a security interest in Maker's automobile inventory, accounts receivable, equipment and other personal property of Maker, all as described therein.

Initials: 

2

This Note shall be construed and enforced under and in accordance with and shall be governed by the laws of the State of Texas and applicable federal laws.

**THIS WRITTEN PROMISSORY NOTE AND THE OTHER WRITTEN LOAN DOCUMENTS EXECUTED CONTEMPORAENOUSLY HEREWITH REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES THERETO AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES THERETO.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

DATED: June 29, 2016

MAKER: Bullmoose Motor Sports, LLC, a Texas Limited Company dba James Maverick Motor Sports

By: _____
Name: Carroll LeBouef
Its: Member

By: _____
Name: Challis LeBouef
Its: Member

Initials: _____        3