# GUARANTY AGREEMENT

1. The undersigned, Carroll LeBouef, (hereinafter called "**Guarantor**"), for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other good and valuable consideration in hand paid to Guarantor, the receipt and sufficiency of which are hereby acknowledged, and to induce Dealers Credit Express, Inc., a Texas corporation, (hereinafter called "**Lender**"), from time to time to loan monies, with or without security to or for the account of Bullmoose Motor Sports, LLC dba James Maverick Motor Sports, (hereinafter called "**Borrower**"), and at the special insistence and request of Lender, hereby unconditionally guarantees the prompt payment of all indebtedness now or hereafter owing by Borrower to Lender, including without limitation, a) the following described promissory note executed by Borrower payable to the order of Lender:

**Date:** June 29, 2016

**Amount:** $500,000.00

**Borrower:** Bullmoose Motor Sports, LLC dba James Maverick Motor Sports

**Lender:** Dealers Credit Express, Inc.

b) any interest accruing under the promissory note, c) all obligations, duties and responsibilities of Borrower arising under, accruing on, related to or described in the promissory note, d) all obligations, duties and responsibilities of Borrower arising under, accruing on, related to or described in that certain dealer floor plan agreement and that certain security agreement by and between Borrower and Lender of even date herewith, e) all obligations, duties and responsibilities of Borrower arising under, accruing on, related to or described in any loan agreement or other loan document related to the above note; f) all reasonable attorneys' fees, court costs, expert costs, appraisal costs, costs of preserving or liquidating any collateral and other expenses or costs incurred by Lender in the enforcement of the promissory note or any of the obligations of Borrower (wherever described), and g) all renewals, extensions, amendments and\or modifications of any of the foregoing, all of which shall hereafter be collectively referred to as the "**Indebtedness.**"

2. This guaranty is an absolute, complete and continuing one, and no notice of the Indebtedness or any extension of credit already or hereafter contracted by or extended to Borrower need be given to Guarantor. Borrower and Lender may from time to time rearrange, extend for any period and/or renew the Indebtedness without notice to Guarantor, and in such event Guarantor will remain fully bound hereunder on such Indebtedness. Guarantor hereby expressly waives presentment, demand, protest, notice of intention to accelerate, notice of acceleration, and notice of protest and dishonor on any and all forms of such Indebtedness, and also notice of acceptance of this guaranty, acceptance on the part of Lender being conclusively presumed by its request for this guaranty and delivery of same to it. If all or any part of the Indebtedness is secured by a lien on real estate, Guarantor hereby expressly waives any right under Texas Property Code §51.003, 51.004 and 51.005 to assert a defense to the deficiency balance owed on the Indebtedness as the result of the value of any such property securing same.

3. Guarantor authorizes Lender, without notice or demand and without affecting Guarantor's liability hereunder, to take and hold security for the payment of this guaranty and/or the Indebtedness guaranteed, and exchange, enforce, waive, release and impair any such security or release other parties liable on the Indebtedness; and to apply such security and direct the order or manner of sale thereof as Lender at its discretion may determine and to obtain a guaranty of the Indebtedness from any one or more other persons, corporations or entities whomsoever and at any time or times to enforce, waive, rearrange, modify, limit, impair or release such other persons, corporations or entities from their obligations under such guaranties.

Initials _[signature]_

**EXHIBIT E**

4. Guarantor waives any right to require Lender to (a) proceed against Borrower or join Borrower in any lawsuit filed against Guarantor, or (b) proceed against or exhaust any security held from Borrower or any other source, or (c) pursue any other remedy in Lender's power whatsoever. Lender is specifically authorized to invoke the benefits of this Guaranty before pursuing any remedies against Borrower or any other person, corporation, trust or other entity obligated to pay any portion of the Indebtedness, and before pursuing any remedies against any collateral or security for the Indebtedness. Lender may maintain an action against Guarantor on this Guaranty without joining any other party or the Borrower therein and without bringing a separate action against any such party or Borrower. Guarantor waives any defense arising by reason of any disability, lack of corporate authority or power or other defense of Borrower or any other guarantor of the Indebtedness, and shall remain liable hereon regardless of whether Borrower or any other guarantor be found not liable thereon for any reason. Until all the Indebtedness shall have been paid in full, Guarantor shall have no right of subrogation, and waives any right to enforce any remedy which Lender now has or may hereafter have against Borrower, and waives any benefit of and any right to participate in any security now or hereafter held by Lender. In the event that Borrower becomes a debtor in any bankruptcy or insolvency proceedings before all of the indebtedness becomes due, Guarantor agrees that Lender may accelerate the maturity of the Indebtedness solely for the purpose of enforcing Guarantor's obligation to pay the Indebtedness. Guarantor agrees to provide promptly to Lender all information reasonably requested by Lender concerning the Indebtedness, any security for the Indebtedness and the financial status of Guarantor and of any other parties obligated on the Indebtedness.

5. Any obligation or debt of Borrower now or hereafter owed to Guarantor (the "**Subordinated Debt**") is hereby subordinated to any and all Indebtedness of Borrower to Lender, whether now existing or hereafter arising. Guarantor hereby assigns any Subordinated Debt to Lender as security for this Guaranty and the Indebtedness and, if Lender requests, such Subordinated Debt shall be collected and received by Guarantor as trustee for Lender and paid over to Lender on account of the Indebtedness of Borrower to Lender but without reducing or affecting in any manner the liability of such Guarantor under the other provisions of this Guaranty. Guarantor agrees that any and all liens, security interests, judgment liens, charges, or other encumbrances upon Borrower's assets securing payment of any Subordinated Debt shall be and remain inferior and subordinate to any and all liens, security interests, judgment liens, charges, or other encumbrances upon Borrower's assets securing payment of the Indebtedness of Borrower to Lender or any part thereof, regardless of whether such liens, security interests, judgment liens, charges, or other encumbrances in favor of such Guarantor or Lender presently exist or are hereafter created or attached. Without the prior written consent of Lender, Guarantor shall not a) file suit against Borrower or exercise or enforce any other creditor's right it may have against Borrower, or b) foreclose, repossess, sequester, or otherwise take steps or institute any action or proceedings (judicial or otherwise, including, without limitation, the commencement of, or joinder in, any liquidation, bankruptcy, rearrangement, debtor's relief or insolvency proceeding) to enforce any liens, security interests, collateral rights, judgments or other encumbrances held by Guarantor on any assets of Borrower. In the event of any receivership, bankruptcy, reorganization, rearrangement, debtor's relief, or other insolvency proceeding involving Borrower as debtor, Lender shall have the right to prove and vote any claim under the Subordinated Debt and to receive directly from the receiver, trustee or other court custodian all dividends, distributions, and payments made in respect of the Subordinated Debt. Lender may apply any such dividends, distributions, and payments against the Indebtedness of Borrower to Lender in such order and manner as Lender may determine in its sole discretion.

6. Guarantor will, immediately upon notice from Lender of Borrower's failure to pay any of the Indebtedness at maturity, pay to Lender in Bowie County, Texas, the amount due and unpaid by said Borrower. The failure of Lender to give the notice shall not in any way release Guarantor hereunder. Guarantor agrees that if the maturity of the Indebtedness hereby guaranteed is accelerated by bankruptcy or otherwise, such

Initials 

maturity shall also be deemed accelerated for the purpose of this guaranty without demand or notice to Guarantor.

7. It is expressly agreed that the liability of Guarantor for the payment of the Indebtedness secured hereby shall be primary and not secondary.

8. As security for his obligations hereunder, Guarantor hereby grants to Lender a security interest in, a general lien upon and/or right to set-off the following (herein referred to as the "Security"): (i) the balance of every deposit account now or hereafter existing of Guarantor with Lender and any other claim of Guarantor against Lender now or hereafter existing, and all monies, instruments, securities, documents, chattel paper, credits, claims, demands, and any other property, rights and interest of Guarantor which at any time shall come into the possession or custody or under the control of Lender or any of its agents or affiliates, for any purpose; (ii) any claim of Guarantor against Borrower now or hereafter existing and all monies, instruments, securities, documents, chattel paper, credits, claims, demands and any other property, rights and interest of Borrower, which at any time shall come into the possession or custody or under the control of Guarantor, of any Guarantor's agents for any purpose; and (iii) the proceeds, products and accessions of and to any of the foregoing. Lender, at its option, may at any time, without notice and without any liability, retain all or any part of the Security until all of the Indebtedness has been paid in full or may set off all or any part of the Security against the Indebtedness, whether the Indebtedness is matured or unmatured, in any manner and in any order of preference which Lender, in its sole discretion, chooses. Lender shall be deemed to have possession of any of the Security in transit to or set apart for it or any of its agents or affiliates. The right is expressly granted to Lender, at its discretion, to file one or more financing statements under the Uniform Commercial Code naming Guarantor as Debtor and Lender as Secured Party and indicating therein the types or describing the items of Security herein specified. In the event of default under this guaranty, Lender may sell or cause to be sold in Gregg County, Texas, or elsewhere, in one or more sales or parcels, at such price as Lender may deem best, and for cash or on credit or for future delivery, without assumption of any credit risk, all or any of the Security at any broker's board or at public or private sale, without demand or performance or notices of intention to sell or of time or place of the sale (except such notice as is required by applicable statute and cannot be waived), and Lender or anyone else may be the purchaser of any or all of the Security so sold and thereafter hold the same absolutely, free from any claim or right of whatever kind, including any equity of redemption, of Guarantor, any such demand, notice or right and equity being hereby expressly waived and released. The grant of the above security interest and lien shall not in anyway limit or be construed as limiting Lender to collect payment of any liability of Guarantor incurred hereby only out of the Security, but is expressly understood and provided that all such liability shall constitute the absolute, unconditional and continuing obligation of Guarantor.

9. If more than one Borrower, this guaranty shall cover the Indebtedness and all other obligations owed by either, any or all such Borrowers to Lender.

10. This guaranty is and shall be in every particular available to the successors and assigns of Lender and is and shall always be fully binding upon the heirs, executors, administrators, legal representatives and assigns of Guarantor, notwithstanding that some or all of the monies, to the repayment of which this guaranty applies, may be actually advanced after any bankruptcy, receivership, reorganization, death, legal incapacity or other event affecting Guarantor.

*[Remainder of page intentionally left blank – signature page follows]*

Initials _____

Case 3:17-cv-01012-M   Document 17-6   Filed 07/20/17   Page 4 of 4   PageID 276

WITNESS THE EXECUTION WHEREOF as of this 29 day June 2016.

**GUARANTOR:**

_[signature]_

Current Address:

1624 W. Crosby Rd #101
Carrollton TX 75006

Initials _[initials]_