UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. AND WESTLAKE FLOORING COMPANY, LLC, | § § § § | |
| *Plaintiffs*, | § § | |
| V. | § § | CIVIL ACTION NO. 3:17-cv-01012-M |
| DEALERS CREDIT EXPRESS, INC., | § § § | |
| *Defendant*. | § | |

## BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S OPPOSED MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

COMES NOW, Plaintiffs, NextGear Capital, LLC ("NextGear") and Westlake Flooring Company, LLC ("WFC"), and file this Brief in Support of Plaintiffs' Response to Defendant's Opposed Motion for Leave to File Third-Party Complaint, and for cause would respectfully show the following:

## FACTS

1. The Plaintiffs filed suit against Dealers Credit Express, Inc. ("DCE") for declaratory judgment, conversion, constructive trust, and attorney's fees for DCE's repossession and sale of fourteen (14) automobiles in which NextGear and WFC had superior, perfected security interests vis-à-vis DCE.

2. NextGear and WFC both had financing agreements with Bullmoose Motor Sports, LLC d/b/a James Maverick Motor Sports ("Bullmoose") in which NextGear and WFC, as lenders, agreed to advance money to Bullmoose in exchange for Bullmoose's promise to pay. To secure these agreements, Bullmoose granted a security interest, first to NextGear and then to WFC, in all of Bullmoose's inventory, whether then existing or later acquired. Both NextGear

and WFC filed appropriate UCC financing statements giving them priority over subsequent creditors, with NextGear being first in priority and WFC being second.

3. DCE also lent money to Bullmoose under a similar arrangement. However, DCE failed give notice to the Plaintiffs by sending the proper purchase money security interest notices to supersede NextGear's and WFC's superior security interest in the DCE financed vehicles. When Bullmoose allegedly defaulted on its obligations to DCE, DCE repossessed several vehicles and sold them, with the proceeds being held in escrow (the "Proceeds"). NextGear and WFC filed this suit seeking a declaratory judgment to determine the priority of the parties' security interests and damages in the form of the sales proceeds from the wrongfully repossessed vehicles.

4. DCE filed its motion seeking to join Bullmoose's owners, Carroll LeBouef and Challis LeBouef (the "LeBouefs"). DCE's proposed third-party complaint alleges that the LeBouefs defaulted on their personal guaranties executed in favor of DCE to secure DCE in regard to Bullmoose's liability to DCE [1].

## ARGUMENTS & AUTHORITIES

5. DCE seeks to join the LeBouefs as third-party defendants for alleged defaults of the personal guaranties executed by the LeBouefs to secure DCE in Bullmoose's liability to DCE. Federal Rule of Civil Procedure 14 governs joinder of third-parties and allows joinder when the potential third-party defendant "is or may be liable" for the claims brought by the plaintiff against the defendant. Fed. R. Civ. P. 14(a). The basis of DCE's claims against the LeBouefs is the LeBouefs' alleged default on their personal guaranties that secured payment to DCE by Bullmoose under the financing agreements between DCE and Bullmoose. *See* DCE's

---

[1] DCE admits in paragraph 9 of its proposed third-party complaint (Doc. 17-1) that Bullmoose and the LeBouefs (via the personal guaranties) at the time of bankruptcy that the "unpaid balance of principle for advances made to Bullmoose for those vehicles was approximately $498,664.50."

Proposed Third-Party Complaint, Doc. 17-1 at pg. 2-4, Plaintiffs request the Court take judicial notice thereof. A, DCE's Proposed Third-Party Complaint. In other words, DCE's proposed third-party complaint is based on an alleged default by the LeBouefs that in no way relates to DCE's liability to NextGear and WFC. As shown below, DCE's proposed third-party claims fail to satisfy the Rule 14 requirements because the LeBouefs' liability is independent of, and not derivative of, DCE's liability to NextGear.

6.    In *U.S. v. Joe Grasso & Sons, Inc.*, the 5th Circuit stated that an impleaded third-party is proper only when the third-party is "liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff." *U.S. v. Joe Grasso & Sons, Inc.*, 380 F.2d 749, 751 (5th Circ. 1967). In other words, to properly join a third-party defendant, the third party's liability must be dependent upon the outcome of the primary claim made against the defendant, i.e. the defendant must be liable to the plaintiff for the third-party defendant to have any liability. *Am. First Lloyd's Ins. Co. v. Global Experience Specialists, Inc.*, 2013 WL 6164293 at *2 (N.D. Tex. Nov. 21, 2013) (quoting *Joe Grasso & Sons, Inc.*, 380 F.2d at 751).

7.    In the present case, the LeBouefs potential liability is wholly independent of any liability DCE may have to the Plaintiffs. The crux of DCE's potential liability to the Plaintiffs revolves around whether DCE improperly repossessed and sold certain vehicles from Bullmoose in which NextGear and WFC had superior, perfected security interests vis-à-vis DCE. *See* Plaintiffs' Original Complaint, Doc. 1, at pgs. 7-10, and Plaintiffs request the Court take judicial notice thereof. In other words, DCE's liability to the Plaintiffs rests upon whether the Plaintiffs' security interest was superior to DCE's making the repossession wrongful. On the other hand, the LeBouefs' liability to DCE rests upon whether the LeBouefs' default on their personal guaranties to DCE. The LeBouefs could still be liable to DCE even if DCE is not liable to the

Plaintiffs. Simply put, the two issues are wholly independent, despite sharing some common facts and parties.

8. In DCE's Motion, DCE alleges that the claims against the LeBouefs are derivative to the allegations against it because "if Defendant is required to pay Plaintiffs the money they seek, Defendant would then have to seek that same money from Third-Party Defendants in a duplicative suit." *See* DCE's Motion, Doc. 17 at pg. 4, and Plaintiffs request the Court take judicial notice thereof. DCE confuses the issue by equating the extent or scope of damages with the issue of liability. DCE recovered $331,348.58 from the sale of various repossessed vehicles at issue in this suit. Those proceeds, according to DCE [2], satisfied **part of the alleged debt** owed to it by the LeBouefs. If DCE is found liable to the Plaintiffs, it will have to pay that money to the Plaintiffs, meaning the amount owed to DCE by the LeBouefs will return to the original amount of the debt, meaning DCE's scope of damages regarding the LeBouefs will increase. However, as previously stated, a properly joined claim is one in which the third-party's liability is contingent upon the defendant's liability and not a case in which the scope of potential damages changes. *See Global Experience Specialists, Inc.*, 2013 WL 6164293 at *2 (the third party's liability must be dependent on the outcome of the main claim for joinder to be proper).

9. DCE's claims are not derivative of the claims brought by the Plaintiffs because of the LeBouefs' liability, if any, is dependent solely on whether the LeBouefs defaulted on their obligations to DCE. The mere fact that DCE may have to seek additional recovery from the LeBouefs if the amount credited to the LeBouefs account is awarded to Plaintiffs does not make the DCE claims derivative.

---

[2] DCE states in paragraph 14 of its proposed third-party complaint (Doc. 17-1) that "DCE has already been damaged and, in the unlikely event that Plaintiffs are successful in this action against DCE, will suffer additional damages."

10. DCE cites the *Global Experience Specialists, Inc*. case for the proposition that a party may be properly joined even if the theories of recovery are different if the third-party claim is derivative of the main claims in the case. See DCE's Motion citing *Global Experience Specialists, Inc.*, 2013 WL 6164293 at *2, and *Joe Grasso & Sons, Inc.*, 380 F.2d at 751. The Plaintiffs agree. DCE's argument still misses the mark because DCE's claims against the LeBouefs are not derivative of the claims made by the Plaintiffs against DCE. *See Cortis, Inc. v. Cortislim International, Inc.*, 2014 WL 12577398 (N.D. Tex. March 24, 2014) (case is not derivative if the third-parties' liability is not dependent upon the outcome of plaintiff's claims against defendant).

11. DCE further relies on *Global Experience Specialists, Inc.* to show why its claims against the LeBouefs are derivative to the present suit. *See* DCE's Motion. However, *Global Experience Specialists, Inc.* perfectly demonstrates why DCE's case is not derivative and, therefore, not proper for joinder. In *Global Experience Specialists, Inc.* America First Lloyd's Ins. Co. ("America First") insured Brian Cree & Associates, Inc. d/b/a Southwest Displays & Events, Inc. ("Southwest"). 2013 WL 6164293 at *2. Global Experience Specialists, Inc. ("GSE") contracted with Southwest for Southwest to provide insurance coverage to GSE for a trade show and Southwest agreed to indemnify GSE for any losses it incurred at the trade show. *Id*. GSE was sued for an accident that occurred at the trade show and America First defended GSE under a reservation of rights as a potential additional insured pursuant to Southwest's policy with America First. *Id*. After judgment against GSE, America First sued GSE for declaratory judgment on the basis that America First was not obligated to provide coverage to GSE in the underlying lawsuit and sought recovery of the expenses incurred during the suit. *Id*. GSE attempted to join Southwest to the claims because, if America First did not have to cover GSE

and GSE was ordered to pay America First's costs along with the judgment to the injured party, Southwest would then be liable to GSE for any amounts it owed to America First. *Id*. In *Global Experience Specialists, Inc.*, Southwest's entire legal liability rested on the contract between Southwest and GSE in which Southwest agreed to indemnify GSE for any costs and damages resulting from the trade show. *Id*. In other words, the claim against Southwest was entirely derivative to America First's claim against GSE because Southwest would only be liable if GSE was liable to America First. *Id*. at *3.

12.   In the present case, however, the LeBouefs are liable to DCE[3] regardless of the outcome of the suit between the Plaintiffs and DCE because only a portion of the LeBouef's damages which DCE may recover under the personal guaranties are at issue in this case. The LeBouefs remain independently liable to DCE for that portion of Bullmoose's legal liability to DCE not encompassed in the $331,348.58 in dispute in this lawsuit. The scope or extent of a party's damages is not equivalent to a party's liability. DCE confuses these concepts here, and, therefore, its motion should be denied.

13.   If DCE's Motion is granted, joinder of the LeBouefs would create another issue. DCE's claims against the LeBouefs will create confusion as to the actual nature of the case, prejudicing the Plaintiffs. While DCE may believe that adding the LeBouefs promotes judicial economy, in actuality, the independent claims made by DCE against the LeBouefs would result in simply trying two separate lawsuits (one between the Plaintiffs and DCE regarding the Proceeds and one between DCE and the LeBouefs regarding the guaranties) in one trial rather than have one trial with multiple, interwoven claims being presented.

---

[3] At least for the amount of $167,315.92 based on the difference between $498,664.50 principle and the $331,348.58 in dispute in this case.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, the Court should deny DCE's Motion to File a Third-Party Complaint because DCE's proposed third-party claims are not derivative of the current claims and, therefore, joinder is not proper pursuant to Federal Rule of Civil Procedure 14. Therefore, Plaintiffs respectfully request that the Court deny DCE's Motion and grant to Plaintiffs such other and further relief as the Court may deem just and proper.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610


/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D.# 00784712
abp@livepad.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@livepad.com

*Attorneys for NextGear and WFC*

## CERTIFICATE OF SERVICE

Counsel for Plaintiffs certify that on August 10, 2017, the foregoing response was served on defendant Dealers Credit Express, Inc., by and through its counsel of record, Scott E. Stevens, at P.O. Box 3427, Longview, Texas 75606, via the Court's electronic service system.


/s/ Christopher V. Arisco
Christopher V. Arisco

## CERTIFICATE OF CONFERENCE

      Counsel for the Plaintiffs certify that they conferred with counsel for Defendant, Dealers Credit Express, Inc., and were unable to reach an agreement on this Motion.

                                             <u>/s/ Alan B. Padfield</u>
                                             Alan B. Padfield