IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND WESTLAKE FLOORING COMPANY, LLC<br><br>       Plaintiffs,<br><br>  v.<br><br>DEALERS CREDIT EXPRESS, INC.<br>       Defendant. | Case No.  3:17-cv-01012-M<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT DEALERS CREDIT EXPRESS, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Defendant Dealers Credit Express, Inc. ("DCE") files this reply brief in response to Plaintiffs' opposition to DCE's Motion for Leave to File Third-Party Complaint (Dkt. 17).

Plaintiffs claim that the LeBouefs' liability to DCE for the $331,348.58 that Plaintiffs seek is "wholly independent of any liability DCE may have to Plaintiffs." (Dkt. 19 at 3). That is simply not the case. The Texas UCC mandates that the cash proceeds from the sale of repossessed secured collateral be applied to "the satisfaction of obligations secured by the security interest." TEX. BUS. & COM. CODE § 9.608(a)(1)(B). As such, the LeBouefs are not currently liable to DCE for the disputed amount, which resulted from the sale of collateral in which DCE had a purchase-money security interest. The LeBouefs will *only* be liable to DCE for the disputed amount if Plaintiffs are successful in this litigation. Thus, permitting the filing of the third-party complaint under Rule 14(a)(1) is entirely appropriate because the LeBouefs "may be liable to [DCE] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Accordingly, contrary to Plaintiffs' assertion, the LeBouefs' potential liability to DCE for the disputed amount is *not* "dependent solely on whether the LeBouefs defaulted on their obligations to DCE." (Dkt. 19 at 4). It is subject only to Plaintiffs' success in this case, making DCE's

claim against the LeBouefs entirely derivative of Plaintiffs' claim.

Plaintiffs' argument that the LeBouefs "could still be liable to DCE even if DCE is not liable to the Plaintiffs" is confusing (Dkt. 19 at 3-4). Plaintiffs seem to be saying that the third-party complaint is inappropriate because the LeBouefs may owe DCE more than the disputed amount. *See* Texas UCC § 9.608(a)(4) ("the obligor is liable for any deficiency" where secured party collects and sells secured collateral). Citing no authority for their proposition, Plaintiffs argue that this somehow makes the DCE's third-party claim not derivative of Plaintiffs' claim. Plaintiffs' position is inconsistent with Rule 14, which only requires that the joined party be potentially liable for "all or part of the claim against [defendant]." The applicability of Rule 14 is not negated simply because the joined party may owe more to the defendant than the plaintiff's claim. Because the LeBouefs will be liable to DCE for all of the disputed amount only if Plaintiffs are successful, Rule 14 clearly applies and DCE's motion for leave to file the third-party complaint should be granted.

Plaintiffs' position is also inconsistent with Rule 18(a) and its provision of ancillary jurisdiction. "Amended Rule 18(a) and the Advisory Committee Note thereto make it clear that, assuming the third-party complaint to be otherwise proper, additional claims against third-party defendants are permissible." *Crompton-Richmond Co., Inc., Factors v. U.S.*, 273 F. Supp. 219, 221 (S.D.N.Y. 1967); *cf. Cont'l Western Cas. Co. v. Steel Stadiums, Ltd.,* 2001 U.S. Dist. LEXIS 92087 \*\* 8-9 (N.D. Tex. 2011 (quoting *Crompton* for this legal proposition). Thus, any claim by DCE for the deficiency owed by the LeBouefs would also be proper. Contrary to Plaintiffs position, this will also facilitate judicial economy because the *same* evidence that will prove the LeBouefs' liability to DCE for the amount Plaintiffs seek will also to prove the LeBouefs' liability for the deficiency. Plaintiffs are wrong when they say that joining the LeBouefs will

result in "multiple, interwoven claims being presented." (Dkt. 19 at 6). At least Plaintiff Westlake has personal guaranty agreements with each of the LeBouefs and Plaintiffs have included them in the exhibits to their Complaint. (Dkt. 1-5 at 20-27 of 44). Consequently, joining the LeBouefs in the case has the potential to *prevent* the need for multiple trials on their personal liability, not only to DCE but also to Westlake.

Plaintiffs do not want this case to be about the LeBouefs and even claim that it cause prejudice if they are joined. (Dkt. 19 at 6). That is because their entire case against DCE rests solely upon Texas UCC § 9.324, *i.e.*, their allegation that they did not timely receive notification that DCE was providing purchase-money lending for the LeBouefs' inventory. However, they knew this without being provided written notice. DCE will prove that they not only knew it but also acted toward DCE in accordance with that knowledge, giving rise to estoppel to assert their present claims. Plaintiffs want to ignore that the only reason the parties are in this whole mess is because the LeBouefs fraudulently secreted inventory for which all three of the parties in this case provided purchase-money lending, and while lending that purchase money, they all knew about each other.

In short, Plaintiffs want the "actual nature of the case" (Dkt. 19 at 6) to be solely about a technicality and want to ignore their own inconsistent conduct toward DCE and the conduct of those actually liable here. That would prejudice DCE and this Court should permit DCE to seek recovery from the LeBouefs in this case. For these reasons, DCE asks the Court to grant its motion for leave to file the attached Third-Party Complaint.

Respectfully submitted,

/s/ Scott Stevens
Scott E. Stevens
State Bar No. 00792024
David P. Henry
State Bar No. 24027015
**STEVENS | HENRY, PLLC**
P.O. Box 3427
Longview, Texas 75606
Tel: (903) 753-6760
Fax: (903) 753-6761
scott@stevenshenry.com
david@stevenshenry.com

Darrell G. Dotson
State Bar No. 24002010
**THE DOTSON LAW FIRM**
222 N. Fredonia St.
Longview, Texas 75601
Tel. (903) 212-3113
Fax. (903) 757-2387
darrell@dotsonlawfirm.com

Amber Florio
State Bar No. 24056643
**FLORIO LAW FIRM, PLLC**
420 Throckmorton Street, Suite 200
Fort Worth, Texas 76107
Phone: 817-727-7187
Fax: 866-941-5321
amber@floriolawfim.com

**ATTORNEYS FOR DEFENDANT
DEALERS CREDIT EXPRESS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2017, a true and correct copy of the foregoing document, DEFENDANT DEALERS CREDIT EXPRESS, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT was served via electronic mail on the following counsel of record:

Alan B. Padfield
abp@livepad.com

Christopher V. Arisco
carisco@livepad.com

PADFIELD & STOUT, L.L.P
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

By: /s/ Scott Stevens
    Scott E. Stevens