UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND<br>WESTLAKE FLOORING COMPANY, LLC,<br><br>  *Plaintiffs*,<br><br>V.<br><br>DEALERS CREDIT EXPRESS, INC.,<br><br>  *Defendant*. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 3:17-cv-01012-M<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S FIRST AMENDED ANSWER**

  COMES NOW, Plaintiffs, NextGear Capital, LLC ("NextGear") and Westlake Flooring Company, LLC ("WFC"), and file this Response to Defendant's First Amended Answer [Doc. # 27], and for cause would respectfully show the following:

**PLAINTIFFS' RESPONSE**

  1. This responsive pleading is being filed within twenty-one (21) days of service of Defendant's First Amended Answer [Doc. # 27] (the "Amended Answer"), which was previously filed on October 15, 2017. Therefore, this responsive pleading is timely filed and does not require leave of court pursuant to paragraph 3 of the Court's scheduling order entered on August 21, 2017 [Doc. # 23].

  2. Defendant's Amended Answer contains additional facts and assertions regarding its original affirmative defenses of waiver, estoppel, collateral estoppel, unjust enrichment, superior right to possess, and proportionate responsibility, while also containing additional affirmative defenses that were not previously raised in Defendant's Original Answer, including equitable estoppel and quasi-estoppel.

  3. However, Plaintiffs specifically deny that these affirmative defenses are proper in

the current proceeding. Instead, the Uniform Commercial Code, as incorporated into the Texas Business and Commerce Code (the "Code"), displaces these common law affirmative defenses to the extent the Code expressly controls which secured creditor has a priority security interest in the escrowed sales proceeds from the Recovered DCE Vehicles and Disputed Proceeds.[1] When the Code applies, common law claims that conflict with the Code are precluded.[2] When common law claims do not conflict with the Code, only then do the principles of law and equity supplement the Code's provisions.[3]

4.   In this case, Defendant's assertion of quasi estoppel, equitable estoppel, unjust enrichment, superior right to possess, and proportionate responsibility are common law claims and defenses that seek to both preclude and/or preempt the application and effect of the priority statutes found in §§ 9.322(a)(1)[4] and 9.324(b)[5] of the Code as well as Article 9 of the Code generally. Defendant's aforementioned "affirmative defenses," which masquerade as common law claims and causes of action, attempt to excuse Defendant's failure to comply with the Code provisions to properly perfect its asserted security interest in the Recovered DCE Vehicles and Disputed Proceeds. Furthermore, Defendant's claimed "affirmative defenses" are in direct conflict with the Code because the Code expressly provides that Plaintiffs, as prior-filed UCC-1 secured creditors, have a priority security interest in the Recovered DCE Vehicles and Disputed Proceeds over and

---

[1] Plaintiffs incorporate the definition of "Recovered DCE Vehicles" and "Disputed Proceeds" by reference from Plaintiffs' Original Complaint, paragraphs 40 and 54, respectively.
[2] *Plano Lincoln Mercury, Inc. v. Roberts*, 167 S.W.3d 616, 624 (Tex. App.—Dallas 2005, no pet.); *see also Moody Natl's Bank v. Tex. City Dev. Ltd. Co.*, 46 S.W.3d 373, 378 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (Chapter 4A precludes common-law remedies).
[3] *See Plano Lincoln Mercury*, 167 S.W.3d at 624; *see also* Tex. Bus. & Com. Code § 1.103(b) ("Unless displaced by the particular provisions of this title, the principles of law and equity…shall supplement its provisions.").
[4] TEX. BUS. & COM. CODE § 9.322(a)(1) ("Conflicting perfected security interests and agricultural liens rank according to priority in time of filing or perfection.").
[5] TEX. BUS. & COM. CODE § 9.324(b) (requiring secured party to send an authenticated notification to the holder of a conflicting security interest within five years before debtor receives possession of the inventory to jump ahead of prior-filed UCC-1 secured creditors in the same inventory).

above the claimed security interest of Defendant in the same collateral.

      5.      Additionally, Plaintiffs specifically deny Defendant's affirmative defenses of waiver and collateral estoppel.  Regarding waiver, Defendant cannot point to any unequivocal manifestation of express intent required by either NextGear or WFC to waive their rights as priority secured creditors in the DCE Recovered Vehicles or Disputed Proceeds.  Plaintiffs further deny that any waiver by implication is an appropriate defense as no fraud has been alleged by Defendant against Plaintiffs.[6]

---

[6] *Weisbart & Co. v. First Natl's Bank of Dalhart, Texas*, 568 F.2d 391 (5th Cir. 1978) (quoting *Athens Commission Co. v. Lufkin Livestock Exchange, Inc.*, 439 S.W.2d 427, 430 (Tex. Civ. App.—Beaumont 1969, writ ref'd n.r.e.) ("The acts, words or conduct relied upon to establish intention must be such as to manifest an **unequivocal** intention to no longer assert the right.").

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610


/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D.# 00784712
abp@livepad.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@livepad.com

*Attorneys for NextGear and WFC*

## CERTIFICATE OF SERVICE

    Counsel for Plaintiffs certify that on October 26, 2017, the foregoing Response to Defendant's First Amended Answer was served on defendant Dealers Credit Express, Inc., by and through its counsel of record, Scott E. Stevens, at P.O. Box 3427, Longview, Texas 75606, via the Court's electronic service system.


/s/ Christopher V. Arisco
Christopher V. Arisco