UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. AND | § | |
| WESTLAKE FLOORING COMPANY, LLC, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:17-cv-01012-M |
| | § | |
| DEALERS CREDIT EXPRESS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER

COMES NOW, Plaintiffs, NextGear Capital, LLC ("NextGear") and Westlake Flooring Company, LLC ("WFC"), and file this their Objection to Defendant's Motion for Leave to File Its Second Amended Answer, and for cause would respectfully show the following:

## OBJECTION

1.      Defendant's Motion for Leave to File Its Second Amended Answer [Doc. # 30] should be denied because Defendant's Second Amended Answer contains additional affirmative defenses that are not legally viable and will unnecessarily complicate the disputed facts and legal issues in this case.  Furthermore, Defendant was aware of the deadline to file amended pleadings per the scheduling order yet chose to file their Second Amended Answer after the deadline anyway. Additionally, as set forth below, any revisions or amended affirmative defenses contained in the Second Amended Answer improperly preempt and preclude the express application of the Uniform Commercial Code, as incorporated into the Texas Business and Commerce Code (the "Code").

2.      On August 21, 2017, this Court entered a Scheduling Order [Doc. # 23] governing the deadline to, among other things, file amended pleadings with the Court without the necessity

of first seeking leave of court.  As set forth in paragraph 3 of the Scheduling Order [Doc. # 23], the deadline for Defendant to file amended pleadings was set for October 15, 2017.

3.      Defendant filed its First Amended Answer [Doc. # 27] on the deadline of October 15, 2017.  For unknown reasons, Defendant chose to file its Second Amended Answer [Doc. # 29] after the expiration of the deadline on October 16, 2017, without first consulting counsel for Plaintiffs or seeking leave of court.  Plaintiffs' objection are not based merely upon Defendant's failure to comply strictly with the court's deadline, given that had Defendant requested the necessary leave of court, this court may very well have granted the leave.  Rather, Plaintiff's objection is predicated upon the Second Amended Answer addition of two affirmative defenses not previously-asserted: implied-in-fact contract and constructive notice.  As set forth below, each of these proposed affirmative defenses are illusory and not legally viable, serving only to muddy the waters and complicate the litigation of this matter by introducing alleged "facts" which even if shown to be true, are ultimately irrelevant in light of the outcome dictated by application of law to the undisputed facts.  Plaintiffs specifically deny that these affirmative defenses are proper in the current proceeding.  Instead, the Code displaces these common law affirmative defenses to the extent the Code expressly controls which secured creditor has a priority security interest in the escrowed sales proceeds from the Recovered DCE Vehicles and Disputed Proceeds.[1]  When the Code applies, common law claims such as "implied-in-fact contract" that conflict with the Code are precluded.[2]  When common law claims do not conflict with the Code, only then do the

---

[1] Plaintiffs incorporate the definition of "Recovered DCE Vehicles" and "Disputed Proceeds" by reference from Plaintiffs' Original Complaint, paragraphs 40 and 54, respectively.
[2] *Contract Source, Inc. v. Amegy Bank National Association*, 462 S.W.3d 128,138 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding that breach of contract and breach of warranty are common-law remedies precluded by UCC); *see also Plano Lincoln Mercury, Inc. v. Roberts*, 167 S.W.3d 616, 624 (Tex. App.—Dallas 2005, no pet.); *see also Moody Nat'l Bank v. Tex. City Dev. Ltd. Co.*, 46 S.W.3d 373, 378 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (Chapter 4A precludes common-law remedies).

principles of law and equity supplement the Code's provisions.[3]

4.     Defendant's proposed "affirmative defenses" invite the court to allow the legislature's determination of the relative priority of secured creditors' interests to be supplanted by implied-in-fact contract and "constructive notice" common law claims and defenses seeking to preclude and/or preempt the application and effect of the priority statutes found in §§ 9.322(a)(1)[4], 9.324(b)[5], and 9.611[6] of the Code as well as Article 9 of the Code, generally.  For instance, courts in prior cases have held that common law actions for breach of contract and breach of warranty are precluded by the Code when the Code is applicable to a dispute.[7]  Moreover, the Code has already defined "notice" pursuant to § 1.202 of the Code as well as its application in Article 9 of the Code with respect to security interests and priority, preempting and precluding Defendant from asserting Plaintiffs should have been put on "constructive notice" of Defendant's asserted interest in the Recovered DCE Vehicles.[8]  It simply does not matter whether NextGear or WFC has "constructive notice" of Defendant's asserted security interest in the Recovered DCE Vehicles as the Code expressly requires Defendant to serve an authenticated (signed) PMSI notice to Plaintiffs in order to obtain a first priority perfected security interest in such collateral within the time frame set forth in the Code.

5.     Implied-in-fact contract and constructive notice are common law claims, causes of

---

[3] *See Plano Lincoln Mercury*, 167 S.W.3d at 624; *see also* Tex. Bus. & Com. Code § 1.103(b) ("Unless displaced by the particular provisions of this title, the principles of law and equity…shall supplement its provisions.").
[4] TEX. BUS. & COM. CODE § 9.322(a)(1) ("Conflicting perfected security interests and agricultural liens rank according to priority in time of filing or perfection.").
[5] TEX. BUS. & COM. CODE § 9.324(b) (requiring secured party to send an authenticated notification to the holder of a conflicting security interest within five years before debtor receives possession of the inventory to jump ahead of prior-filed UCC-1 secured creditors in the same inventory).
[6] TEX. BUS. & COM. CODE § 9.611 (requiring secured party to send an authenticated notification of disposition to the debtor and any other secured party or lienholder who had an interest in the collateral 10 days before the notification date)
[7] *Contract Source, Inc.*, 462 S.W.3d at 138.
[8] TEX. BUS. & COM. CODE § 1.202.

action and/or remedies masquerading as "affirmative defenses" attempting to excuse Defendant's failure to comply with the Code provisions.  These affirmative defenses seek an alternative remedy that would otherwise contradict the Code's express provisions regarding: (1) perfection of Defendant's asserted security interest in the Recovered DCE Vehicles and Disputed Proceeds, (2) duty to serve an "authenticated notification" to Plaintiffs of Defendant's security interest as required pursuant to § 9.324(b) of the Code, and (3) duty to serve a notification of disposition of the Recovered DCE Vehicles pursuant to § 9.611 of the Code.

6.      Pursuant to the U.S. Supreme Court, leave to amend should be denied when there is a strong justification for not permitting the amendment.[9]  Justifications for not permitting an amendment include undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment, among others.[10]  In the instant case, Defendant seeks to add the additional affirmative defenses of implied-in-fact contract and constructive notice in order to further complicate a simple priority dispute under the Code.  The addition of these affirmative defenses will also unduly prejudice Plaintiffs as Plaintiffs will be required to demonstrate the legal futility of asserting such affirmative defenses through additional motion practice, which will require Plaintiffs to incur additional time and fees.

7.      The grant or denial of a pleading amendment is within the discretion of this Court, and only the outright refusal to grant leave without any justifying reasons appearing for the denial is not an exercise of discretion according to the *Foman* case.[11]  Accordingly, for all of the foregoing reasons, Defendant's Motion should be denied.

---

[9] *Foman v. Davis*, 371 U.S. 178 (1962).
[10] *Foman*, 371 U.S. at 182.
[11] *Id.*

8.      WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that the Court deny Defendant's Motion and grant to Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PADFIELD & STOUT, L.L.P
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D.# 00784712
abp@livepad.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@livepad.com

*Attorneys for NextGear and WFC*

## CERTIFICATE OF SERVICE

Counsel for Plaintiffs certify that on October 26, 2017, the foregoing Objection was served on defendant Dealers Credit Express, Inc., by and through its counsel of record, Scott E. Stevens, at P.O. Box 3427, Longview, Texas 75606, via the Court's electronic service system.

/s/ Christopher V. Arisco
Christopher V. Arisco