IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. and WESTLAKE FLOORING COMPANY, LLC, | § § § § § | No. 3:17-cv-01012-M |
| Plaintiffs, | § § | |
| v. | § § | |
| DEALERS CREDIT EXPRESS, INC., | § § § | |
| Defendant. | § § § | |

# ORDER

Before the Court is Defendant's Motion for Leave to File Third-Party Complaint [ECF No. 17]. For the reasons stated below, the Motion is **DENIED**.

## I. Factual and Procedural Background

Bullmoose Motor Sports, LLC ("Bullmoose") was a car dealership. In order to purchase cars for its inventory, Bullmoose borrowed money from the parties in this case. On or about April 21, 2016, Westlake Flooring Company, LLC ("WFC") and Bullmoose entered into a loan agreement, with WFC obtaining a security interest in the cars. On or about May 9, 2016, Bullmoose entered into a similar agreement with NextGear Capital, Inc. ("NextGear"). On or about June 29, 2016, Bullmoose entered into another similar agreement with Dealers Credit Express, Inc. ("DCE"). On September 21, 2016, Bullmoose filed for Chapter 7 bankruptcy and defaulted on its loans from WFC, NextGear, and DCE.

DCE later sold fourteen of the cars in Bullmoose's inventory for $331,348.58, placing the money in escrow ("Disputed Proceeds"). WFC and NextGear filed suit against DCE, claiming that they have priority over DCE's security interest and therefore are entitled to the Disputed

Proceeds.  Defendant DCE requests leave to file a third-party complaint against the owners of Bullmoose: Carroll LeBouef and Challis LeBouef (the "LeBouefs").

## II. Legal Standard

Federal Rule of Civil Procedure 14 provides that a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  As a threshold matter, impleader under Rule 14 is appropriate only "in cases where the third party's liability [is] in some way derivative of the outcome of the main claim."  *United States v. Joe Grasso & Son, Inc.,* 380 F.2d 749, 751 (5th Cir. 1967).  In other words, the third-party's liability must be "dependent upon the outcome of the main claim."  *Am. Express Travel Related Servs. Co. v. Beaumont,* 2002 WL 31298867, at *2 (N.D. Tex. Oct. 9, 2002); *see also Joe Grasso & Son*, 380 F.3d at 751 (Third-party must be "liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff.").

When a defendant seeks to file a third-party complaint more than fourteen days after serving an answer, it must obtain leave to do so.  FED. R. CIV. P. 14(a)(1).  The Court has wide discretion in determining whether to grant such leave.  *S. Ry. Co. v. Fox,* 339 F.2d 560, 563 (5th Cir. 1964).  In "considering whether to grant leave[, courts] have considered factors such as possible prejudice to the other parties, undue delay by the third party plaintiff, and whether allowing the third party complaint would further the goals of Rule 14, by eliminating duplicative suits and promoting judicial economy."  *Am. Int'l Specialty Lines Ins. Co. v. 7-Eleven, Inc.*, 2009 WL 2448440, at *1 (N.D. Tex. Aug. 7, 2009).  However, Rule 14 is not "a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims."  *Wells Fargo Bank, N.A. v. Pettus,* 2011 WL 3586405, at *2 (N.D. Tex. Aug. 16, 2011) (quoting *Majors v. Am. Nat'l Bank of Huntsville*, 426 F.2d 566, 568 (5th Cir. 1970) (per curiam)).

**III.    Analysis**

Rule 14 does not allow Defendant to file its third-party complaint because the liability of the LeBouefs is not derivative of the main claim's outcome.    The third-party complaint alleges that the LeBouefs breached their loan agreement with Defendant by failing to repay the loan balance to it of approximately $498,664.50.    In the main claim, Plaintiffs seek a declaratory judgment as to which party has higher priority to the Disputed Proceeds.    The liability of the LeBouefs to DCE is related only to what is the balance owed to DCE and whether the LeBouefs are liable for it.

Defendant argues that the third-party complaint raises facts common to the main claim, especially because Plaintiffs have similar loan agreements with the LeBouefs.    However, "[t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."    *Am. First Lloyd's Ins. Co. v. Glob. Experience Specialists, Inc.*, 2013 WL 6164293, at *3 (N.D. Tex. Nov. 21, 2013).    Rule 14 allows a defendant to implead a third-party only if that third-party's liability is derivative of the main claim's outcome.    That is not the case here.    In any case, even if impleading was permissible, the Court would not allow impleader here, as it would not promote judicial economy.

**IV.    Conclusion**

For the reasons stated above, Defendant's Motion for Leave to File Third-Party Complaint is **DENIED**.

**SO ORDERED**.

October 30, 2017.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**

3