**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. and WESTLAKE FLOORING COMPANY, LLC, | § | |
| Plaintiffs, | § | No. 3:17-cv-01012-M |
| v. | § | |
| DEALERS CREDIT EXPRESS, INC., | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant's Motion for Jury Trial [ECF No. 15]. For the reasons stated below, the Motion is **GRANTED**.

**I. Background**

On April 11, 2017, Plaintiffs filed their Complaint [ECF No. 1]. On May 8, 2017, Defendant filed its Original Answer, in which it did not request a jury trial [ECF No. 8]. On June 20, 2017, Defendant filed its Motion for Jury Trial. On October 15, 2017, Defendant filed its First Amended Answer, in which it requested a jury trial [ECF No. 27].

**II. Legal Standard**

Federal Rule of Civil Procedure 38(b) provides:

> On any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served.

The failure to request a jury trial within the 14-day period constitutes a waiver of that right as to all issues raised in the pleading. *See* FED. R. CIV. P. 38(d). However, even when a jury trial has not been properly requested, the Court may, "on motion, order a jury trial on any issue for which

a jury might have been demanded." FED. R. CIV. P. 39(b). "[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (internal quotation marks and citations omitted). The Fifth Circuit has highlighted five factors that district courts should consider in exercising discretion: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Id.* at 1064 (quoting *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)).

## III. Discussion

### a. Whether the Amended Pleading Revives the Right to a Jury Trial

The parties agree that, under Rule 38(b), the deadline for Defendant to request a jury trial was May 22, 2017. Because Defendant did not make a timely request, Defendant waived that right. However, "[a]n amended or supplemental pleading that raises new issues enables a party to request a jury trial for those issues." *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653 (5th Cir. 1984). The "new issues" must relate to new issues of fact. *Id.* "[A]n amended or supplemental pleading that merely restates issues previously raised does not revive the right to demand a jury trial when one had not earlier been demanded." *Id.* New issues are not raised unless they are "in any material way different from those presented by the original answer." *Connecticut General Life Insurance Co. v. Breslin*, 332 F.2d 928, 931 (5th Cir. 1964). As one court described:

> One issue is the same as another when it is based on the same conduct or concerns the same general area of dispute. If the factual allegations underlying the two claims are the same or if the issues turn on the same matrix of facts the issues are

> the same. It is both the similarity of facts and the similarity of the matrix—the legal framework in which the facts are analyzed—that makes issues the same. On the other hand, slight modifications in facts or in legal theories presented will not usually render issues different.

*Unidev, L.L.C. v. Hous. Auth. of New Orleans*, 250 F.R.D. 268, 271–72 (E.D. La. 2008).

The Amended Answer does not raise new issues. It does expand on affirmative defenses raised in the Original Answer, supplementing them with more factual allegations and clarifying that Defendant's estoppel defense is based on two theories (equitable estoppel and quasi-estoppel). These changes all "concern[] the same general area of dispute," and "slight modifications . . . in legal theories presented will not usually render issues different." *Unidev*, 250 F.R.D. at 271-72. Accordingly, the Amended Answer does not raise new issues and does not revive the Defendant's right to a jury trial.

**b. Whether the Court Should Exercise Its Discretion**

Notwithstanding Defendant's waiver, the Court has broad discretion under Rule 39(b) to allow a jury trial as to all issues for which a jury might have been demanded. Having considered the factors, the Court grants Defendant's Motion. First, a party may demand a jury trial on "factual issues underlying [a] declaratory judgment action." *See Guajardo v. Estelle*, 580 F.2d 748, 752 (5th Cir. 1978), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). Plaintiffs here request a declaratory judgment that they have higher priority to money held in escrow. Defendant argues that Plaintiffs waived any priority to the money. Accordingly, factual issues related to waiver, such as consent and knowledge, can be tried to a jury. Although Defendant "has not shown that the[se] fact questions are 'best' tried to a jury . . . the court cannot say that they are not." *Bell v. Gen. Am. Life Ins. Co.*, 2014 WL 815382, at *2 (N.D. Tex. Mar. 3, 2014) (Fitzwater, J.). This factor is neutral.

Second, the trial is set for the Court's two-week docket beginning June 18, 2018, and this

Court does not have separate jury and non-jury dockets. *See Bell*, 2014 WL 815382, at *2. It is a simple process to summon jurors for a regular trial docket like this one. Because there would not be any disruption to the Court's schedule, this factor favors granting the motion.

Third, the case is still in its initial stages, and Plaintiffs have adequate time to prepare for a jury trial. Because Defendant's delay does not materially prejudice Plaintiffs, this factor favors granting the motion.

Fourth, Defendant requested a jury trial nearly a month after the deadline imposed by Rule 38, but, again, the delay does not materially prejudice Plaintiffs. This factor favors granting the motion.

Finally, Defendant's counsel acknowledges that it missed the deadline due to its own inadvertence. "Inadvertence alone does not relieve a party from waiver of the right to jury trial." *Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 F. App'x 778, 781 (5th Cir. 2009); *see also Farias v. Bexar Cty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991) ("It is not an abuse of discretion by a District Judge to deny a Rule 39(b) motion . . . when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party."). Although, this factor weighs against granting the motion, the Court "considers all the factors holistically, keeping firmly in mind the Seventh Amendment fundamental right of trial by jury." *Bell*, 2014 WL 815382, at *2. Despite counsel's inadvertence, there is no strong and compelling reason to otherwise deny a jury trial.

## IV. Conclusion

For the reasons stated above, Defendant's Motion is **GRANTED**. The case will proceed to a jury trial on all disputed issues for which a jury might have been demanded.

**SO ORDERED**.

October 30, 2017.

**BARBARA M. G. LYNN**
**CHIEF JUDGE**