IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND WESTLAKE FLOORING COMPANY, LLC<br><br>      Plaintiffs,<br><br>v.<br><br>DEALERS CREDIT EXPRESS, INC.<br>      Defendant. | Case No.  3:17-CV-1012-M<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT DEALERS CREDIT EXPRESS, INC.'S
RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANT'S
MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER**

1. COMES NOW, Defendant Dealers Credit Express, Inc. ("DCE"), and files its response to Plaintiffs' Objection to Defendant's Motion for Leave to File Its Second Amended Answer ("Objection"), and for cause would respectfully show the following:

2. In their Objection, Plaintiffs incorrectly assert that the security interest provisions of the U.C.C. cannot be supplanted by contract between creditors. To the contrary, Section 9.339 provides that Chapter 9 "does not preclude subordination by agreement by a person entitled to priority." TEX. BUS. & COMM. CODE § 9.339.[1]

3. Creditors in the used-automobile industry routinely enter into subordination agreements, which are referred to as Intercreditor Agreements ("ICAs"). The provisions of ICAs are relatively simple. They subordinate senior security interests in a dealership's inventory to the security interests of creditors who provide purchase money for specific vehicles in the

---

[1] Section 1.302 of the U.C.C. specifically permits provisions of the Code to be modified by agreement, and Section 1.310 provides generally for subordination agreements. *See* TEX. BUS. & COMM. CODE §§ 1.302 and 1.310, cmt. 2 (noting that "[s]ubordination agreements are enforceable between the parties as contracts"). The case law Plaintiffs cite relates to the provisions of Chapter 4 and therefore are inapposite in light of the U.C.C.'s express recognition of subordination agreements.

1

dealership's inventory, and dispense with the PMSI notice requirements of Section 9.324 of the U.C.C. as between the parties to the agreement. *See* TEX. BUS. & COMM. CODE § 9.324. The implied-in-fact contract that DCE asserts is essentially an ICA.

4. An example of an ICA is attached hereto as Exhibit 1.[2] Paragraphs 4(a) and 4(b) of Exhibit 1 redefine the priority rules of the U.C.C. when purchase money is provided by the parties for specific inventory of the debtor. *See* Ex. 1, ¶¶ 4(a) and 4(b). Paragraph 4(c) states that the rules of priority of the U.C.C. are superseded by the agreement:

> (c) The priorities specified in paragraphs 4(a) and 4(b) are applicable to the identified security interests and Inventory contained therein <u>despite the rules of priority set forth in the Uniform Commercial Code</u> or other applicable law.

*Id.* at ¶ 4(c) (emphasis added).

5. Paragraph 3 of Exhibit 1 expressly negates the U.C.C's requirement for notice of a purchase-money security interest:

> <u>Notice Irrelevant</u>. The agreements of the Creditors contained herein are effective irrespective of the failure of a Creditor to give notice or timely notice of the acquisition or expected acquisition of purchase money or other priority with respect to any such security interest.

*Id.* at ¶ 3. Thus, ICAs, like Exhibit 1, supplant the priority and notice provisions of Sections 9.322(a)(1) and 9.324(b) of the U.C.C. *See* TEX. BUS. & COMM. CODE §§ 9.322(a)(1) and 9.324(b).

6. DCE alleges that there was an implied-in-fact ICA, like Exhibit 1, among DCE, NextGear and Westlake with respect to the inventory of Bullmoose Motor Sports. The implied-in-fact ICA was based upon the parties' conduct, their course of dealing, their course of performance with respect to Bullmoose, usage of trade, and other surrounding circumstances.

---

[2] Plaintiffs should be familiar with Exhibit 1. In fact, on September 27, 2017, during the pendency of the instant action, Plaintiff NextGear sent Exhibit 1 to DCE via email and requested that DCE sign it. Exhibit 1 is a true and correct copy of the draft ICA that NextGear sent to DCE for approval on September 27, 2017.

Since subordination agreements are specifically authorized under Section 9.339 of the U.C.C., the parties' implied-in-fact ICA does not conflict with the U.C.C. as Plaintiffs contend. To the contrary, the parties' implied-in-fact ICA is not only consistent with the U.C.C., but is also consistent with Plaintiffs' own dealings with other creditors, as illustrated by Exhibit 1. Plaintiffs' objection to the merits of DCE's affirmative defense is therefore unfounded.[3]

7.  Finally, Plaintiffs do not allege that they would be prejudiced by the timing of DCE's proposed Second Amended Answer. As stated in DCE's Motion for Leave, there would be no prejudice to Plaintiffs in allowing DCE to file its Second Amended Answer on the Monday after the Sunday pleading deadline.

8.  For the foregoing reasons, DCE respectfully requests that the Court overrule Plaintiffs' Objection and permit DCE to file its Second Amended Answer.

Date: November 9, 2017

Respectfully submitted,

*/s/ Scott E. Stevens*
Scott E. Stevens
State Bar No. 00792024
David P. Henry
State Bar No. 24027015
**STEVENS | HENRY, PLLC**
P.O. Box 3427
Longview, Texas 75606
Tel: (903) 753-6760
Fax: (903) 753-6761
scott@stevenshenry.com
david@stevenshenry.com

---

[3] DCE contends that Plaintiffs had actual knowledge that DCE was providing purchase-money financing to DCE. To the extent Plaintiffs claim otherwise, DCE has included alternative allegations of constructive notice in its Second Amended Answer. DCE's Constructive Notice defense is part and parcel to other defenses in this case, including, for example, its waiver and estoppel defenses. DCE's Constructive Notice defense simply points out that, to the extent that NextGear or Westlake claims not to have had actual knowledge of the facts related to DCE's financing of Bullmoose, Plaintiffs had every reason to know those facts given the circumstances and therefore had constructive notice of them.

3

>Darrell G. Dotson
>State Bar No. 24002010
>**THE DOTSON LAW FIRM**
>222 N. Fredonia St.
>Longview, Texas  75601
>Tel. (903) 212-3113
>Fax. (903) 757-2387
>darrell@dotsonlawfirm.com
>
>Amber Florio
>State Bar No. 24056643
>**FLORIO LAW FIRM, PLLC**
>420 Throckmorton Street, Suite 200
>Fort Worth, Texas 76107
>Phone: 817-727-7187
>Fax: 866-941-5321
>amber@floriolawfim.com
>
>**ATTORNEYS FOR DEFENDANT**
>**DEALERS CREDIT EXPRESS, INC.**

## CERTIFICATE OF SERVICE

By my signature below, I do hereby certify that on November 9, 2017, a true and correct copy of the foregoing was filed using the Court's electronic filing system, which will provide notice to all parties of record.

>By: ___*/s/ Scott E. Stevens*___
>      Scott E. Stevens