## INTERCREDITOR AGREEMENT

This Intercreditor Agreement (the "Agreement") is made and entered into on this 27th day of September, 2017, by and among NextGear Capital, Inc. ("NextGear Capital") and Dealers Credit Express, Inc. ("Dealers Credit Express, Inc.").

### RECITALS

WHEREAS, _____ ("Debtor") may from time to time incur obligations, direct or contingent, to NextGear Capital and Dealers Credit Express, Inc. (hereinafter collectively "Creditors"), which obligations are secured by, among other things, Inventory of the Debtor, as herein defined;

WHEREAS, each Creditor has filed a financing statement under the Uniform Commercial Code to perfect such security interests; and

WHEREAS, Creditors desire to agree among themselves as to the relative priority of their respective security interests in Inventory and the proceeds thereof;

### AGREEMENT

In consideration of the premises, Creditors agree as follows:

1. Definitions.

Unless defined in this section or the context otherwise requires, all terms used herein which are defined in the Uniform Commercial Code shall have the meanings therein stated.

(a) "Advance" shall mean all loans or payments made by Creditors to Debtor or on Debtor's behalf to any third party to allow Debtor to acquire or retain the specific item of Inventory.

(b) "Inventory" shall mean all of Debtor's vehicles, vehicle parts, other inventory, and all additions, accessions, accessories, replacements, and proceeds thereof, now owned or hereafter acquired, held for sale, rental, or lease in the ordinary course of Debtor's business.

2. Conditions Precedent. The agreements of the Creditors contained herein are expressly conditioned upon the perfection and non-avoidance of each Creditor's security interest in Debtor's Inventory.

3. Notice Irrelevant. The agreements of the Creditors contained herein are effective irrespective of the failure of a Creditor to give notice or timely notice of the acquisition or expected acquisition of purchase money or other priority with respect to any such security interest.

4. Security Interest.

(a) To the extent a Creditor has a perfected security interest in Debtor's Inventory, such Creditor shall have a first priority security interest in those specific items of Inventory that: (i) Creditor provided new value to the Debtor or on Debtor's behalf to a third party to allow Debtor to acquire or retain the specific item of Inventory; (ii) such new value is in fact used to purchase or hold that specific item of Inventory (or replace the original purchase money financer); and (iii) said item of Inventory is specifically identified in a bill of sale, consignor ticket, trust receipt, invoice, security agreement, or mortgage, or a supplemental document(s) given to such Creditor at or about the time that such Creditor gives new value.

(b) If Creditors each provided funding to the Debtor or on Debtor's behalf to a third party to allow Debtor to acquire or retain a specific item of Inventory, and there remains a balance owing on such specific item of Inventory to each Creditor, the Creditor that was first in time to have provided such funding to Debtor or on Debtor's behalf for such item of Inventory shall have priority as to that specific item of Inventory.

(c) The priorities specified in paragraphs 4(a) and 4(b) are applicable to the identified security interests and Inventory contained therein despite the rules of priority set forth in the Uniform Commercial Code or other applicable

law. Except as herein otherwise specifically provided, priority shall be determined in accordance with the rules of priority set forth in the Uniform Commercial Code or other applicable law.

5. Termination. This Agreement shall terminate ninety (90) days from the date on which a Creditor gives written notice as provided for herein to the other Creditor of its intention to terminate. Upon termination, each Creditor's obligations and rights arising out of this Agreement concerning security interests in Inventory obtained prior to termination shall survive.

6. General.

(a) This Agreement shall be governed by the laws of the State of Indiana.

(b) This Agreement and all its provisions shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and permitted assigns and shall not benefit any person other than those enumerated above.

(c) All notices upon the respective parties hereto shall be deemed to have been duly given or made if by Federal Express, Express Mail or any other overnight delivery service with proof of next day delivery on a business day, one (1) business day after dispatch; and if mailed by certified mail, return receipt requested, five (5) days after mailing. All notices are to be given or made to the respective parties at the address set forth below.

(d) Each Creditor shall reasonably cooperate in sharing vehicle identification numbers for purpose of conducting audits for all Inventory that a Creditor claims a security interest in.

(e) This Agreement is intended by the parties to be the final expression of their agreement with respect to the terms included in this Agreement and may not be contradicted by evidence of any prior or contemporaneous agreement. The parties further intend that this Agreement shall constitute the complete and exclusive statement of its terms and that no extrinsic evidence whatsoever may be introduced in any judicial proceeding involving this Agreement.

(f) Each party hereto shall be responsible for its own legal fees.

(g) Any provision of this Agreement that is invalid or unenforceable shall be ineffective to the extent of such invalidity or unenforceability without rendering invalid or unenforceable the remaining provisions of this Agreement or affecting the validity or enforceability of any provision of this Agreement.

(h) This Agreement may not be modified or amended except upon the written consent of both parties hereto.

(i) This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument. Telecopied or facsimiled copies of the Agreement shall be deemed an original for all intents and purposes.

(j) Headings have been inserted in the Agreement as a matter of convenience of reference only; such headings are not a part of the Agreement and shall not be used in the interpretation of this Agreement.

The parties are signing this Agreement as of the date first above written.

**Dealers Credit Express, Inc.**  
**4545 N. Stateline Ave.**  
**Texarkana, TX 75503**

**NextGear Capital, Inc.**  
**11799 N. College Ave.**  
**Carmel, IN 46032**

By:_____  
Name:_____  
Title:_____

By:_____  
Name:_____  
Title:_____