**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. and | § | |
| WESTLAKE FLOORING COMPANY, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | No. 3:17-cv-01012-M |
| v. | § | |
| | § | |
| DEALERS CREDIT EXPRESS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

Before the Court is Defendant's Motion for Leave to File Its Second Amended Answer. (ECF No. 32).   For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    Background

Bullmoose Motor Sports, LLC ("Bullmoose") was a car dealership.   In order to purchase cars for its inventory, Bullmoose borrowed money from Westlake Flooring Company, LLC ("WFC"), NextGear Capital, Inc. ("NextGear"), and Dealers Credit Express, Inc. ("DCE"). Each lender obtained a purchase money security interest in the inventory.   On September 21, 2016, Bullmoose filed for Chapter 7 bankruptcy and defaulted on its loans from WFC, NextGear, and DCE.   DCE later sold fourteen of the cars in Bullmoose's inventory for $331,348.58, placing the money in escrow.   WFC and NextGear filed suit against DCE, claiming that they have priority over DCE's purchase money security interest and therefore are entitled to the sales proceeds.   (ECF No. 1).

Under the Court's August 21, 2017, Scheduling Order, the deadline for Defendant to file

an amendment to its pleading was October 15, 2017.   (ECF No. 23).   On October 18, 2017,
Defendant moved for leave to file its Second Amended Answer.   (ECF No. 30).   The Second
Amended Answer would raise new defenses: implied-in-fact contract and constructive notice.

## II.   Legal Standard

Defendant seeks to amend its pleading after the deadline set in the Court's Scheduling
Order.   Accordingly, the Court must first determine whether to modify its Scheduling Order
under Federal Rule of Civil Procedure 16(b).   *S&W Enters., L.L.C. v. SouthTrust Bank of
Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).   Rule 16(b) provides that a schedule may be
modified only for good cause and with the Court's consent.   The Court specifically evaluates
four factors to determine good cause: "(1) the explanation for the failure to timely move for leave
to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the
amendment; and (4) the availability of a continuance to cure such prejudice."   *Southwestern Bell
Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at
536).   The Court considers the factors holistically and "does not mechanically count the number
of factors that favor each side."   *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *3 (N.D.
Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

If Defendant demonstrates good cause to modify the Scheduling Order, the Court will
then apply the more liberal standard of Federal Rule of Civil Procedure 15(a).   *S&W Enters.*,
315 F.3d at 536.   Rule 15(a) provides that "[t]he court should freely give leave when justice so
requires."   *See also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("The
policy of the federal rules is to permit liberal amendment to facilitate determination of claims on
the merits and to prevent litigation from becoming a technical exercise in the fine points of
pleading.").   Leave to amend should not be denied unless there is a substantial reason to do so.
*See Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).   Substantial reasons include

2

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of the amendment."   *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

## III.   Analysis

### a.   Rule 16(b)

Three of the four factors weigh in favor of modifying the Scheduling Order.   The amendment is important because it would raise additional defenses.   Because the case is still in its initial stages, the amendment would not prejudice Plaintiffs.   (*See* Def. Mot. at 2, ECF No. 30 (As of October 18, 2017, "[n]o depositions have been taken, no documents have been produced, and no written discovery responses have been served.")).   Moreover, a continuance could be granted for additional discovery to cure any prejudice.

Defendant acknowledges that it missed the deadline due to its own inadvertence: "[b]ecause Defendant's pleading deadline fell on a Sunday, Defendant believed that the deadline carried over until Monday, October 16, 2017, consistent with Fed. R. Civ. P. 6(a)(1)(C)."   (Def. Mot. at 1).   Rule 6(a)(1)(C) outlines how parties should compute deadlines when the Court specifies a period of time in days, not when the Court sets a specific date.   Mere inadvertence on the part of the movant is often insufficient to constitute good cause.   *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).   However, assessing the four factors holistically, the Court concludes that Defendant has demonstrated good cause to modify the Scheduling Order.   The Court stresses that the case is in its initial stages and that the amendment would not prejudice Plaintiffs.

### a.   Rule 15(a)

Because Defendant has demonstrated good cause to modify the Court's Scheduling

Order, the Court now applies the more liberal standard of Rule 15(a).   As explained above, the amendment would not prejudice Plaintiffs.   Nothing in the record suggests bad faith or a dilatory motive on Defendant's part.   In fact, Defendant requested leave to amend within days after the deadline.

Plaintiffs argue that the amendment is futile and "will unnecessarily complicate the disputed facts and legal issues in this case."   (Pl. Resp. at 1, ECF No. 32).   Plaintiffs specifically assert that common law principles, such as implied-in-fact contract and constructive notice, are displaced by the Texas Business and Commerce Code.   (*Id.* at 3).   However, the Code further provides: "[u]nless displaced by the particular provisions of this title, the principles of law and equity . . . shall supplement its provisions."   *See* TEX. BUS. & COM. CODE § 1.103(b); *see also Bryan v. Citizens Nat. Bank in Abilene*, 628 S.W.2d 761, 764 (Tex. 1982).   Common law principles therefore can supplement the Code, to the extent that they do not conflict with it.

Section 9.324(b) of the Code governs the relative priority of purchase money security interests, and the Code requires a party to send "an authenticated notification to the holder of the conflicting security interest" within a certain timeframe to claim priority.   TEX. BUS. & COM. CODE § 9.324(b).   "Authenticated" is defined as physically or electronically signed.   *Id.* § 9.102(a)(7).   According to Defendant's constructive notice allegations, Plaintiffs should have known that, for specific cars in Bullmoose's inventory, Defendant had priority over Plaintiffs' purchase money security interests.   (2d Am. Compl. at 14, ECF No. 30-1).   This is inconsistent with Section 9.324, which requires a signed notification to claim priority over conflicting interests.   Defendant's constructive notice defense is therefore displaced by the Code.

However, the Code expressly "does not preclude subordination by agreement by a person entitled to priority."   TEX. BUS. & COM. CODE § 9.339; *see also id.* § 1.302 ("[T]he effect of provisions of this title may be varied by agreement.").   According to Defendant's implied-in-

4

fact contract defense, the parties agreed to subordinate any senior security interests in Bullmoose's inventory to the security interests of creditors, like Defendant, who provided purchase money for specific vehicles in the inventory.   This defense is therefore expressly authorized by the Code and is not displaced by it.   There are no apparent substantial reasons to deny leave to amend on the implied-in-fact contract defense, and the Court thus concludes that the motion should be granted in that respect.

## IV.    Conclusion

For the reasons stated above, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.   Defendant may file an amended answer, which includes only the allegations related to implied-in-fact contract, within two weeks of this Order.

**SO ORDERED**.

November 30, 2017.

BARBARA M. G. LYNN
CHIEF JUDGE

5