IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. and<br>WESTLAKE FLOORING COMPANY, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DEALERS CREDIT EXPRESS, INC.,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:17-cv-01012-M |

## PROTECTIVE ORDER

**Proceedings and Information Governed.**

　　　　1.　　This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party prior to trial of this matter, and it includes any non-party who receives a subpoena in connection with this action, whether the information is furnished in discovery, whether formally or informally. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" and "Designated Sensitive Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. Such designation by a party is not necessarily conclusive as to whether the designated material qualifies for the designation assigned to it by the designating party. Any designation is subject to challenge by the other

1

parties using the procedures outlined in this Protective Order.  In the absence of such challenge, however, parties will abide by the limitations, qualifications, or prohibitions of this Protective Order with respect to any information designated hereunder. This Protective Order will not affect disclosure of the information within the context of a trial, in the absence of a proper motion in limine covering the subject matter being submitted by the party making the designation.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order, "Designated Materials" means (a) the "Confidential Information" (or "C.I.") designation whereby the designating party contends that the information or document produced contains, or is in whole or in part consists of, trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7); and (b) the "Designated Sensitive Information" (or "DSI") designation, whereby the designating party contends that its disclosure of the documents or information, in whole or in part, is limited or qualified by applicable law, agreement, or other judicial order, (e.g., but not limited to "nonpublic personal information" of consumer customers of financial institutions, as set forth in the "Gramm-Leach-Blilely," or "consumer reports" under the federal Fair Credit Reporting Act); or information that generally is not made available to the public at large by the designating party, such as but not limited to the designating party's internal communications between and among its employees, as well as communications with vendors, customers, or other third parties regarding that party's business operations, or financial information of a party.  C.I. or D.S.I. does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound not to disclose such information, or to disclose such information only upon certain conditions imposed, by agreement, law, or other judicial order; or information that has been disclosed to the public or third persons in a

manner making such information no longer confidential.

3. Nothing in this Protective Order is intended to alter the scope of discovery with respect to relevant materials, not privileged. Upon entry of this Protective Order, C.I. or D.S.I. within a document or information provided shall not provide any part of the basis for withholding any documents or information. Nothing in this Protective Order shall be construed as a waiver of any objection to discovery, withholding production, or admissibility in evidence or use in the proceeding which might otherwise be asserted.

Information and documents produced during the course of this litigation which the producing party contends falls within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**DESIGNATED AS CONFIDENTIAL INFORMATION PER PROTECTIVE ORDER**

Information and documents produced during the course of this litigation which the producing party contends falls within the scope of paragraph 2(b) above, may be designated by the producing party as containing Designated Sensitive Information by placing on each page and each thing a legend substantially as follows:

**DESIGNATED SENSITIVE INFORMATION PER PROTECTIVE ORDER**

For any deposition taken in this proceeding, any party, whether or not the proponent of the deposition, may make the designations permitted under this Protective Order with respect to information and documents anticipated to be disclosed or which in fact have been disclosed during the deposition. If such designation is not made prior to or during the course of any portion of the deposition completed deposition, any party will have fourteen (14) calendar days after the date in which testimony was given last given in the deposition to make

the designation. During this fourteen (14) day period, all parties shall treat the deposition and its Exhibits as containing or, in whole or in part, consisting of C.I. and D.S.I., and subject to this Protective Order. This designation shall be made in writing to the court reporter and counsel for the other parties to the court reporter and counsel for the other parties. The writing requirement for designation described by this paragraph will be deemed satisfied, however, if at any time during the course of the deposition, any party or its counsel makes the designation verbally, with such designation made to the court reporter, to be transcribed as part of the record of the deposition. The party making a verbal designation during the course of the deposition should confirm the designation in writing to the court reporter and the other parties as soon as reasonably practicably following the deposition in which the verbal designation was made. Non-designating parties may, but are not required, to object to the verbal designation at the time of the designation, on the record or otherwise, and failure to do so shall not serve as a waiver of any objection.

If no such designation is made prior to or at the deposition, or within the fourteen (14) calendar day period following, the entire deposition will be considered outside the scope of this Protective Order. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Designated Material in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

A party designating documents or information as Designated Material must do so with

a good faith basis for doing so. A designating party has the burden of production and persuasion regarding the designation, if challenged. Designations found by the court to be unwarranted and asserted in bad faith may be sanctioned in the same manner as other abuses of discovery under the Federal Rules of Civil Procedure.

**Failure to Designate.**

4. Failure to designate any information as confidential or privileged will not be deemed to waive the producing party of later asserting of the material's confidential or privileged nature, and does not waive any other objection to the obligation to produce, or objections to the admissibility of the material under the applicable rules of evidence. A party wishing to assert the designation for previously undesignated material may do so in writing, subject to the receiving party's objection to the designation asserted in the same manner as if the designation were originally made. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation. Prior to receipt of written notice to designate previously undesignated materials, however, a party in receipt of the undesignated materials is under no obligation, imposed by "good faith" or otherwise, to treat any part of the previously-undesignated information or documents provided as within the scope of this Protective Order; to inquire of or otherwise put on other parties on notice of the failure to designate, regardless of whether the receiving party allegedly knows or should know that such failure was inadvertent, or to facilitate or effect "cure."

**Challenge to Designations**

5. A receiving party may challenge a producing party's designation at any time by first requesting that the producing party change the designation. The producing party will then

have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Designated Material.**

6. Designated Material may only be used for purposes of preparation, trial, and appeal of this action; or as necessary in any other legal action between the parties to establish or defeat assertions of *res judicata*, claim preclusion, and/or issue preclusion, and may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7. Subject to paragraph 8 below, Designated Material may be disclosed by the receiving party only to the following provided that each is informed of the terms of this Protective Order, and agree in writing to be bound by it: (a) any employees of the receiving party providing assistance or making decisions in the conduct of this litigation, including any settlement discussions; (b) counsel of record for the receiving party, (c) supporting personnel employed by (a) and (b) described above such as subordinate or staff attorneys, paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) experts or consultants; and (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

8. The parties must ensure compliance by its employees, consultants, expert

witnesses with the terms and conditions of this Protective Order, and may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

9. Designated Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Designated Material. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

10. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

11. If any party wishes to submit Designated Material to the court, the submission must be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

**DESIGNATED MATERIAL**
[caption]
This envelope, which is being filed under seal,
contains documents that are subject to a Protective
Order governing the use of confidential discovery material.
**No Prejudice.**

**The parties must not unreasonably file under seal pleadings, motions, or other papers that do not qualify for protection from disclosure under this Protective Order. Rather, the parties must attempt to file unsealed as much of a pleading, motion, or other paper as they reasonably can without undermining the protections conferred by this Protective Order.**

12.    Producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Designated Material contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

13. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order, **but not the Court or any court staff,** is under an obligation, at the option of the person or party, to return to the producing party or to destroy all materials and documents containing Designated

Material and to certify to the producing party that this destruction or return has been done. However, counsel for any party and/or his/her firm is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

14. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

15. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

16. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**\*\*THE STRIKEOUTS AND BOLD, UNDERLINED LANGUAGE WAS ADDED TO THIS ORDER BY THE COURT AFTER IT WAS SIGNED BY COUNSEL FOR THE PARTIES.**

**SO ORDERED**.

January 4, 2018.

_____
**BARBARA M. G. LYNN
CHIEF JUDGE**